UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 09-CV-61652-GOLD/McALILEY

MDS (CANADA), INC.,, a Canadian
corporation, BEST THERATRONICS,
LTD., a Canadian corporation, and BEST
MEDICAL INTERNATIONAL, INC.,
a Virginia corporation,

      Plaintiffs,
vs.

RAD SOURCE TECHNOLOGIES, INC.,
a Florida corporation,

      Defendant.
                                                /

**DEFENDANT RAD SOURCE TECHNOLOGIES, INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Rad Source Technologies, Inc. ("Rad Source"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby moves the Court for an order granting partial summary judgment on construction, as a matter of law, of two key contract provisions of the August 20, 2003 License Agreement executed between Rad Source and MDS Nordion, a division of Plaintiff MDS (Canada), Inc. ("MDS") (the "License Agreement"). Specifically, when Sections 3.1 (Grant of Rights) and 5.3 (Non-Compete) of the License Agreement are properly construed as a matter of law, the third sentence of Section 3.1 must be stricken as a violation of the patent misuse doctrine, Section 5.3 of the License Agreement must be limited and narrowly construed in accordance with the mandates of the Florida Non-Compete Statute (Florida Statute §542.335), and this Court's November 4, 2009 Preliminary Injunction Order must be modified to reflect the obligations imposed by the License Agreement as interpreted by the Court.

In this lawsuit, Plaintiffs allege that Rad Source has violated the License Agreement through design and development of a proposed x-ray blood irradiation medical device, the RS 3400. Upon proper construction of the License Agreement, however, certain conduct cited by Plaintiffs does not, as a matter of law, breach the License Agreement. Instead, Rad Source's alleged misconduct falls outside of the scope of the grant of rights licensed to MDS under Section 3.1 of the License Agreement and does not violate the non-compete provision contained in Section 5.3 of the License Agreement. Clearly, construction of these two contract provisions will impact prosecution of this case going forward and will substantially limit the issues to be tried.

Section 3.1 of the License Agreement sets forth in detail those rights licensed to MDS – as to both the patents and technology accompanying those patents – as well as the rights retained by Rad Source and not licensed to MDS. The third sentence of Section 3.1, however, impermissibly broadens the scope of the patents licensed to MDS as part of the Licensed Technology for the RS 3400 System by precluding Rad Source from dealing in *any* blood irradiation device, even if the device falls outside of the scope of the Licensed Technology (as defined by the License Agreement) and the patents licensed therewith. This, in turn, creates an unlawful, anti-competitive effect in the marketplace which results in patent misuse as a matter of law.

Section 5.3 of the License Agreement, as written, violates Florida Statute §542.335 because it is overbroad, overlong, and prohibits non-competitive activities that have no impact upon the business interests the non-compete clause seeks to protect. Specifically, Section 5.3 purports to prevent Rad Source from "designing" or "manufacturing" any blood irradiation device that is capable of competing in the blood irradiation business for the duration of the non-

compete period, even though these "preparatory activities" in no way involve competition in the marketplace. If the Court interprets the non-compete provision of the License Agreement to preclude Rad Source from engaging in these preparatory business activities, the time period of the non-compete clause is necessarily expanded well beyond the seven years contemplated by the parties and specified by the License Agreement. Thus, this provision in the License Agreement must be narrowed in scope and duration in order to be enforceable.

It is only through a strained interpretation of the License Agreement that Plaintiffs claim that Rad Source has violated the terms of Sections 3.1 and 5.3, an interpretation employed by Plaintiffs to avoid the intent of the Agreement and extend Plaintiffs' monopoly in the x-ray blood irradiation marketplace well beyond the scope and time period contemplated by the License Agreement. Plaintiffs' overly broad and impermissible interpretation of the License Agreement has resulted in a preliminary injunction that is contrary to patent law, Florida Statute §542.335, and the public policies served by these laws.

As a result, Rad Source respectfully requests that the Court interpret the License Agreement, as a matter of law, and (1) strike the third sentence of Section 3.1, as enforcement of this provision results in patent misuse, (2) limit and narrowly construe the scope and duration of Section 5.3 to comply with the mandates of Florida law, (3) clearly define those activities that Rad Source is permitted to undertake and those activities from which Rad Source must abstain until expiration of the non-compete restrictions in the License Agreement on September 26, 2010, and (4) modify the Court's November 4, 2009 Preliminary Injunction Order in accordance with the ruling on this Motion for Partial Summary Judgment.

In support of its Motion, Rad Source relies upon all pleadings of record and files herewith <u>Defendant Rad Source Technologies, Inc.'s Statement of Material Facts as to Which There</u>

Exists No Genuine Issues to Be Tried, Defendant Rad Source Technologies, Inc.'s Memorandum of Law in Support of Its Motion for Partial Summary Judgment, and the following:

- April 28-29, 2010 Deposition of Will Hartman;
- May 26, 2010 Deposition of Gordon Ashfield;
- MDS's Response to Defendant Rad Source's First Interrogatories; and
- Documents submitted in conjunction with Rad Source's Statement of Material Facts.

Respectfully submitted,

| | |
|---|---|
| ARNALL GOLDEN GREGORY, LLP | KOZYAK TROPIN & THROCKMORTON, P.A. |
| Co-Counsel for Defendant | Counsel for Defendant |
| 171  17th Street, NW, Suite 2100 | 2525 Ponce de Leon, 9th Floor |
| Atlanta, GA  30363 | Coral Gables, Florida 33134 |
| Phone: (404) 873-8500 | Phone: (305) 372-1800 |
| Fax: (404) 873-7501 | Fax: (305) 372-3508 |
| Scott Taylor, Esq. | |
| Anuj Desai, Esq. | |
| Richard A. Mitchell | By: /s/ Kenneth R. Hartmann |
| | Kenneth R. Hartmann |
| | Email: krh@kttlaw.com |
| | Daniel Cervantes, Florida Bar No. 040836 |
| | Email: dc@kttlaw.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the following was filed with the Clerk of Court using the CM/ECF filing system, which will automatically cause copies of the same to be delivered to Plaintiffs' counsel of record this 18th ay of June, 2010 to:

| | |
|---|---|
| Robert M. Moore | Stuart H. Sakwa |
| Kristen A. Bennett | MOORE & LEE, LLP |
| Brian F. Wilbourn | 500 E. Broward Blvd., Suite 1820 |
| MOORE & LEE, LLP | Suite 1820 |
| 1650 Tyson Boulevard, Suite 1150 | Ft. Lauderdale, FL  33394 |
| McLean, Virginia 22102-4225 | |

By: /s/ Kenneth R. Hartmann
 Kenneth R. Hartmann