UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case 09-61652-CIV-GOLD

*MDS (CANADA) INC., et al.,*

        Plaintiffs,

vs.

*RAD SOURCE TECHNOLOGIES, INC.,*
*a Florida corporation,*

        Defendant.

COURTROOM 11-1

MIAMI, FLORIDA

SEPTEMBER 21, 2010

(Pages 1 - 10)

---

TELEPHONIC STATUS CONFERENCE
BEFORE THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

---

APPEARANCES:

| | |
|---|---|
| FOR THE PLAINTIFFS: | ROBERT M. MOORE, ESQ. |
| | KRISTEN A. BENNETT, ESQ. |
| | SHOSHANAN E. ROTHMAN, ESQ. |
| | *Moore & Lee, LLP* |
| | 1650 Tysons Boulevard, Suite 1150 |
| | McLean, VA 22102        703.506.2050 |
| | r.moore@mooreandlee.com |
| | k.bennett@mooreandlee.com |
| | s.rothman@mooreandlee.com |
| | |
| FOR THE DEFENDANT: | KENNETH R. HARTMAN, ESQ. |
| | *Kozyak Tropin & Thockmorton* |
| | 2525 Ponce de Leon Blvd., 9th Floor |
| | Miami, FL 33134 |
| | |
| | SCOTT E. TAYLOR, ESQ. |
| | ANUJ DESAI, ESQ. |
| | *Arnall Golden Gregory* |
| | 171 17th Street, N.W., Suite 2100 |
| | Atlanta, GA 30363        404.873.8500 |

TOTAL ACCESS™ NETWORK COURTROOM REALTIME TRANSCRIPTION
September 21, 2010

| | | |
|---|---|---|
| 1 | REPORTED BY: | **JOSEPH A. MILLIKAN, RPR-CM-NSC-FCRR** |
| 2 | | *Official United States Court Reporter* |
| | | *Federally Certified Realtime Reporter* |
| 3 | | Wilkie D. Ferguson Jr., United States Courthouse |
| | | 400 North Miami Avenue, Suite 11-1 |
| 4 | | Miami, FL  33128          305.523.5588 |
| | | (Fax) 305.523.5589 |
| 5 | | jamillikan@aol.com |

**TABLE OF CONTENTS**

|   |   | Page |
|---|---|---|
| 25 | Reporter's Certificate .................................................. | 10 |

September 21, 2010

| | | |
|---|---|---|
| 16:02:07 | 1 | **THE COURT:** Good afternoon.  On Case 09-61652, |
| 16:02:12 | 2 | appearances on behalf of the plaintiffs and then I'll have other |
| 16:02:19 | 3 | appearances.  May I have appearances on behalf of the |
| 16:02:21 | 4 | plaintiffs, please? |
| 16:02:30 | 5 | Hello?  Hello?  Is anyone able to hear? |
| 16:02:49 | 6 | May I have appearances, please? |
| 16:02:52 | 7 | **MR. MOORE:**  Yes, Your Honor.  On behalf of the |
| 16:02:53 | 8 | plaintiffs, Robert Moore, Kristen Bennett and Shoshanan Rothman. |
| 16:02:58 | 9 | **THE COURT:**  All right.  Thank you.  On behalf of the |
| 16:03:02 | 10 | defendant? |
| 16:03:03 | 11 | **MR. TAYLOR:**  On behalf of the defendant, Your Honor, |
| 16:03:04 | 12 | Scott Taylor and Anuj Desai of Arnall Golden Gregory. |
| 16:03:10 | 13 | **MR. HARTMAN:**  And also on behalf of defendants, Ken |
| 16:03:11 | 14 | Hartman. |
| 16:03:13 | 15 | **THE COURT:**  All right.  Thank you.  Any other |
| 16:03:16 | 16 | appearances that I have not acknowledged? |
| 16:03:19 | 17 | Then let me ask:  I wanted to talk to you not about the |
| 16:03:25 | 18 | merit necessarily of the Emergency Motion for Temporary |
| 16:03:31 | 19 | Restraining Order and Preliminary Injunction but about some |
| 16:03:34 | 20 | practical aspects here. |
| 16:03:38 | 21 | I've set oral argument as you know for November 12th |
| 16:03:43 | 22 | where many of the substantive issues are going to be discussed. |
| 16:03:49 | 23 | So as a practical matter, assuming that the defendant takes the |
| 16:04:00 | 24 | position that the noncompete provisions expire on September 26, |
| 16:04:11 | 25 | is it the defendant's intention to do anything on these matters |

September 21, 2010

| | | |
|---|---|---|
| 16:04:16 | 1 | between that time and the time of oral argument because of the |
| 16:04:25 | 2 | fact the Court may reach conclusions adverse to their position? |
| 16:04:33 | 3 | **MR. TAYLOR:** Well, Your Honor, this is Scott Taylor. I |
| | 4 | think that as a practical matter, it is unlikely that the |
| 16:04:43 | 5 | defendants will proceed with any marketing or sale of the blood |
| 16:04:50 | 6 | irradiation device in question, the RS 3400 or any other blood |
| 16:04:58 | 7 | irradiation device. |
| 16:04:59 | 8 | **THE COURT:** All right. |
| 16:05:00 | 9 | **MR. TAYLOR:** However, I think they would like to |
| 16:05:02 | 10 | proceed with design, development and manufacturing-type |
| 16:05:05 | 11 | activities which would no longer be precluded following the |
| 16:05:08 | 12 | expiration of the noncompete. |
| 16:05:12 | 13 | **THE COURT:** Well, if you're not selling, then you're |
| 16:05:14 | 14 | doing that at your own risk, aren't you? |
| 16:05:18 | 15 | **MR. TAYLOR:** Yes, Your Honor, I think that's correct. |
| 16:05:21 | 16 | **THE COURT:** I'm not suggesting by my questions any |
| 16:05:27 | 17 | subtle indication of my position because I haven't gone through |
| 16:05:30 | 18 | your motions yet.  There are other matters that are even more |
| 16:05:34 | 19 | pressing at the moment.  But in the event I rule for the |
| 16:05:38 | 20 | plaintiffs, then whatever work you do with regard to design, |
| 16:05:45 | 21 | development and manufacturing would be for naught, correct? |
| 16:05:52 | 22 | **MR. TAYLOR:** Certainly for the immediate future or |
| 16:05:57 | 23 | however long Your Honor continued the injunction beyond that |
| 16:06:02 | 24 | point.  But ultimately there would be some use in it. |
| 16:06:07 | 25 | Presumably we wouldn't be enjoined for all time going forward. |

September 21, 2010

| | | |
|---|---|---|
| 16:06:12 | 1 | **THE COURT:**  Well, let me go back to the plaintiff's |
| 16:06:15 | 2 | position.  If they're not going to market and sell until at |
| 16:06:21 | 3 | least I have the opportunity to hear argument on the summary |
| 16:06:27 | 4 | judgment motions and rule on them, then where's the emergency |
| 16:06:34 | 5 | here?  It is really at their risk, isn't it. |
| 16:06:39 | 6 | **MR. MOORE:**  Well, no, not really because both the |
| 16:06:42 | 7 | provisions we rely on, the license agreement and the noncompete |
| 16:06:44 | 8 | agreement, prohibit design, development and manufacture. |
| 16:06:49 | 9 | **THE COURT:**  Well, I understand but you're worried about |
| 16:06:51 | 10 | that because -- |
| 16:06:54 | 11 | **MR. MOORE:**  [Interrupting]  We're worried about that |
| 16:06:56 | 12 | because design, development and manufacture is not done in a |
| 16:06:59 | 13 | vacuum and to the extent that the market has the understanding |
| 16:07:02 | 14 | that this new, competing device is under design, development or |
| 16:07:06 | 15 | manufacture, it suppresses demand for our product.  It |
| 16:07:10 | 16 | suppresses sales.  That is the big concern that we have. |
| 16:07:14 | 17 | This is a small, unique niche market, and these |
| 16:07:19 | 18 | activities become known to the public and potential purchasers |
| 16:07:24 | 19 | and it affects our sales. |
| 16:07:26 | 20 | **THE COURT:**  Well, the reality is that if I enter an |
| 16:07:30 | 21 | order here that says that any design, development and |
| 16:07:36 | 22 | manufacture is done at the defendant's own risk pending the oral |
| 16:07:41 | 23 | argument but by agreement there is no marketing or sales that's |
| 16:07:45 | 24 | going to occur until I rule on this issue, then it really is |
| 16:07:50 | 25 | more a risk for them than for you, isn't it, because if anybody |

September 21, 2010

| | | |
|---|---|---|
| 16:07:54 | 1 | is looking at what the Court's going to do, they're not going to |
| 16:07:58 | 2 | be able to rely on anything until I rule on this issue. |
| 16:08:02 | 3 | Isn't that a fair statement and assessment? |
| 16:08:05 | 4 | **MR. MOORE:**  I agree it's more of a risk for them than |
| 16:08:07 | 5 | it is for us, but there is still a risk for us.  And if the |
| 16:08:12 | 6 | Court's inclined to do that, I would request that the order also |
| 16:08:15 | 7 | say that any design, development and manufacture be confidential |
| 16:08:18 | 8 | and not disclosed to the public and that any third party that |
| 16:08:21 | 9 | they get involved assisting with design, development and |
| 16:08:24 | 10 | manufacture, like other designers or manufacturers, be required |
| 16:08:28 | 11 | to keep those activities confidential. |
| 16:08:30 | 12 | **THE COURT:**  Well, I can't go ahead and start by my |
| 16:08:35 | 13 | injunction binding third parties.  But going back to what is |
| 16:08:42 | 14 | being suggested here if the defendant is going to do design and |
| 16:08:51 | 15 | development and manufacture, does it have any objection to |
| 16:08:55 | 16 | keeping those matters confidential pending the Court's ruling? |
| 16:09:05 | 17 | **MR. TAYLOR:**  Your Honor, that's somewhat hard to say. |
| 16:09:08 | 18 | I mean, I think there is going to have to be some, well, I would |
| 16:09:13 | 19 | think there would have to be some activity as far as |
| 16:09:16 | 20 | manufacturing.  They're gonna have to order material and that |
| 16:09:21 | 21 | sort of thing. |
| 16:09:23 | 22 | **THE COURT:**  Well, are you really starting to |
| 16:09:26 | 23 | manufacture this device at that cost until I rule on this?  I |
| 16:09:32 | 24 | mean, the most you're going to do realistically within the next |
| 16:09:35 | 25 | couple of months is just perhaps go ahead with your design and |

| | | |
|---|---|---|
| 16:09:39 | 1 | development phase.  Isn't that so? |
| 16:09:42 | 2 | I mean, what are we really talking about here that has |
| 16:09:47 | 3 | practical significance?  What I'm trying to do is avoid having |
| 16:09:51 | 4 | to, in effect, determine all these issues before I rule on your |
| 16:09:55 | 5 | summary judgment, and I don't believe that's in everybody's |
| 16:10:04 | 6 | interest. |
| 16:10:04 | 7 | **MR. MOORE:**  Your Honor, if I could interject -- and |
| 16:10:06 | 8 | this is Robert Moore for the plaintiff -- our concern is that |
| 16:10:10 | 9 | even if RAD Source agreed to keep their activities confidential, |
| 16:10:13 | 10 | they would engage third parties to assist with the design, the |
| 16:10:17 | 11 | development or the manufacture.  And I understand you can't bind |
| 16:10:19 | 12 | third parties with this order, but you could require RAD Source |
| 16:10:23 | 13 | to undertake any such activities only under a confidentiality |
| 16:10:27 | 14 | agreement under which those third parties agree to keep these |
| 16:10:30 | 15 | activities confidential. |
| 16:10:32 | 16 | **THE COURT:**  Well, what about that?  Is there objection |
| 16:10:34 | 17 | to that?  Mr. Taylor? |
| 16:10:39 | 18 | **MR. TAYLOR:**  Frankly, Your Honor, I think we would |
| 16:10:41 | 19 | probably do that anyway. |
| 16:10:43 | 20 | **THE COURT:**  Okay.  So I think that's where we're going |
| 16:10:45 | 21 | to end up on this because as I see it, I need an orderly |
| 16:10:53 | 22 | procedure to determine all of the issues in this case and give |
| 16:10:56 | 23 | each side a fair argument on this now that this date has passed. |
| 16:11:03 | 24 | The September 26th date is going to pass, and I don't intend to |
| 16:11:12 | 25 | do that through some kind of emergency procedure. |

| | | |
|---|---|---|
| 16:11:16 | 1 | So the question is: How do we hold the status quo |
| 16:11:21 | 2 | during that time? So I'm going to go ahead and require that no |
| 16:11:30 | 3 | marketing and sales will take place during the time until I |
| 16:11:34 | 4 | resolve the summary judgment order and issue further orders on |
| 16:11:38 | 5 | this and consider the preliminary injunction request in |
| 16:11:45 | 6 | relationship to the summary judgment proceedings and, further, |
| 16:11:50 | 7 | that if there is any design and development, it be done at the |
| 16:11:56 | 8 | defendant's risk under confidentiality agreements with third |
| 16:11:59 | 9 | parties which I'm told, Mr. Taylor, your client would probably |
| 16:12:05 | 10 | do anyway. |
| 16:12:07 | 11 | **MR. TAYLOR:** I think that's correct, Your Honor. |
| 16:12:09 | 12 | **THE COURT:** Anything else on this? |
| 16:12:12 | 13 | **MR. TAYLOR:** Your Honor, this is Scott Taylor. With |
| 16:12:16 | 14 | regard to the motion that is pending, are we proceeding on a |
| 16:12:20 | 15 | normal briefing schedule then at this point, a responsive brief |
| 16:12:27 | 16 | and request for -- |
| 16:12:28 | 17 | **THE COURT:** Well, let's talk about how we now fit in |
| 16:12:31 | 18 | this preliminary injunction issue in conjunction with the |
| 16:12:35 | 19 | summary judgment. I don't want the parties to go through and |
| 16:12:38 | 20 | repeat everything that has been put into your summary judgment |
| 16:12:44 | 21 | briefs. |
| 16:12:44 | 22 | But to the extent that there are issues raised on the |
| 16:12:48 | 23 | extension of the preliminary injunction or entry of a final |
| 16:12:55 | 24 | injunction based on the motions for summary judgment, I think |
| 16:12:58 | 25 | there ought to be an opportunity for additional briefing on |

| | | |
|---|---|---|
| 16:13:02 | 1 | criteria and the like. |
| 16:13:04 | 2 | So the answer, short answer, is yes. I'd like to do |
| 16:13:08 | 3 | this in an orderly way and talk with you about your ideas |
| 16:13:14 | 4 | concerning the briefing schedule. I think all the briefing is |
| 16:13:18 | 5 | done on the summary judgment issues, is that not true? |
| 16:13:24 | 6 | Didn't I just get a reply in? |
| 16:13:25 | 7 | **MR. TAYLOR:** I believe that's correct, Your Honor. |
| 16:13:27 | 8 | **THE COURT:** All right. So I guess, Mr. Taylor, when |
| 16:13:31 | 9 | would you want to respond to the preliminary injunction issues? |
| 16:13:38 | 10 | **MR. TAYLOR:** Well, I think normally we would get -- we |
| 16:13:40 | 11 | would get two weeks, and then get two weeks to reply or one week |
| 16:13:46 | 12 | to reply. I'm sorry. |
| 16:13:48 | 13 | It seems that if we could get that normal schedule or |
| 16:13:52 | 14 | that schedule from today, we could have the matter completely |
| 16:13:57 | 15 | briefed and it could be argued at the same time as the summary |
| 16:14:02 | 16 | judgment arguments if the Court chooses to hear argument then. |
| 16:14:06 | 17 | **THE COURT:** Do you have a calendar in front of you? I |
| 16:14:09 | 18 | don't have mine with me. |
| 16:14:10 | 19 | Can you give me some specific dates so I see how much |
| 16:14:15 | 20 | time we have to analyze what comes in? Give me a date by which |
| 16:14:20 | 21 | you're going to respond. |
| 16:14:21 | 22 | **MR. TAYLOR:** Today's the 21st. If we were to respond |
| 16:14:29 | 23 | by the 5th of October, that would give -- |
| 16:14:35 | 24 | **THE COURT:** Let me ask this: Can the plaintiffs |
| 16:14:37 | 25 | respond by the 15th? Reply by the 15th? |

September 21, 2010

| | | |
|---|---|---|
| 16:14:46 | 1 | **MR. MOORE:**  I'm sorry, Your Honor.  I was looking at my |
| 16:14:48 | 2 | calendar.  I missed your question.  I apologize. |
| 16:14:50 | 3 | **THE COURT:**  No problem. |
| 16:14:51 | 4 | If Mr. Taylor files his response by October 5th, could |
| 16:14:56 | 5 | you file your reply by October 15th? |
| 16:14:59 | 6 | **MR. MOORE:**  Yes, Your Honor. |
| 16:15:00 | 7 | **THE COURT:**  And that would leave me then, I think, |
| 16:15:03 | 8 | sufficient time to work on this issue. |
| 16:15:07 | 9 | Any objection to those dates? |
| 16:15:10 | 10 | **MR. MOORE:**  None from the plaintiffs, Your Honor. |
| 16:15:12 | 11 | **MR. TAYLOR:**  None from the defense. |
| 16:15:13 | 12 | **THE COURT:**  Anything else for today? |
| 16:15:18 | 13 | **MR. TAYLOR:**  Not from the defendants, Your Honor. |
| 16:15:21 | 14 | **THE COURT:**  All right. |
| 16:15:24 | 15 | **MR. MOORE:**  Not from plaintiffs. |
| 16:15:25 | 16 | **THE COURT:**  Thank you for your appearances. |
| 16:15:27 | 17 | [The proceedings conclude at 4:15 p.m., 9/21/10.] |

### C E R T I F I C A T E

I hereby certify that the foregoing is an accurate transcription of the proceedings in the above-entitled matter.

_____10.08.10_____  
DATE

_____  
**JOSEPH A. MILLIKAN, RPR-CM-NSC-FCRR**  
*Official United States Court Reporter*  
*Federally Certified Realtime Reporter*  
400 North Miami Avenue, Suite 11-1  
Miami, FL 33128                    305.523.5588  
                                  (Fax) 305.523.5589  
jamillikan@aol.com