1      **UNITED STATES DISTRICT COURT**
       **SOUTHERN DISTRICT OF FLORIDA**
2      **MIAMI DIVISION**

3      Case 09-61652-CIV-GOLD

4

**MDS (CANADA) INC.,** *et al.,*
5
                                                    **COURTROOM 11-1**
                 Plaintiff,
6
                                                    **MIAMI, FLORIDA**
       vs.
7
                                                    **NOVEMBER 12, 2010**
**RAD SOURCE TECHNOLOGIES, INC.,**
8
                                                    (Pages 1 - 50)
                 Defendant.
9

10                    **ORAL ARGUMENT**
       **BEFORE THE HONORABLE ALAN S. GOLD**
11        **UNITED STATES DISTRICT JUDGE**

12

13     APPEARANCES:

       **FOR THE PLAINTIFF:**        **ROBERT M. MOORE, ESQ.**
14                                   **KRISTEN A. BENNETT, ESQ.**
                                     **BRIAN F. WILBOURN, ESQ.**
15                                   *Moore & Lee, LLP*
                                     500 East Broward Boulevard, Suite 1820
16                                   Fort Lauderdale, FL 33394        954.525.6110
                                                                (Fax) 954.525.6177
17                                   l.ortiz@mooreandlee.com
                                     r.moore@mooreandlee.com
18                                   k.bennett@mooreandlee.com
                                     b.wilbourn@mooreandlee.com
19

20

       **FOR THE DEFENDANT:**       **KENNETH R. HARTMAN, ESQ.**
21                                   *Kozyak Tropin & Thockmorton*
                                     2525 Ponce de Leon Boulevard, 9th Floor
22                                   Miami, FL  33134

23

24

25

2

DAVID E. HUIZENGA, Ph.D, ESQ.
RICHARD A. MITCHELL, ESQ.
SCOTT E. TAYLOR, ESQ.
ANDREA M. GOSSMANN, CLA
ANUJ DESAI, ESQ.
*Arnall Golden Gregory, LLP*
171 17th Street, N.W., Suite 2100
Atlanta, GA  30363                    404.873.8518
dh@agg.com,  richard.mitchell@agg.com,  anuj.desai@agg.com
scott.taylor@agg.com,  andrea.gossmann@agg.com

**REPORTED BY:**        JOSEPH A. MILLIKAN, RPR-CM-NSC-FCRR
*Official United States Court Reporter*
*Federally Certified Realtime Reporter*
Wilkie D. Ferguson, Jr., United States Courthouse
400 North Miami Avenue, Suite 11-1
Miami, FL  33128                     305.523.5588
                                (Fax) 305.523.5589

jamillikan@aol.com

## TABLE OF CONTENTS

Page

Reporter's Certificate ..................................... 45

November 12, 2010

Oral Argument

| | | |
|---|---|---|
| 09:58:10 | 1 | **THE COURT SECURITY OFFICER:**  All rise. |
| 09:58:12 | 2 | **THE COURT:**  Good morning.  Be seated, please. |
| 09:58:18 | 3 | May I have appearances on Case 09-61652, beginning with |
| 09:58:38 | 4 | the plaintiff. |
| 09:58:39 | 5 | **MR. MOORE:**  Robert Moore, Your Honor, on behalf of the |
| 09:58:42 | 6 | plaintiffs. |
| 09:58:42 | 7 | **MS. BENNETT:**  Kristen Bennett on behalf of the |
| 09:58:45 | 8 | plaintiffs. |
| 09:58:46 | 9 | **THE COURT:**  Thank you.  And with you today? |
| 09:58:51 | 10 | **MR. MOORE:**  Sean Weingast is in-house counsel for the |
| 09:58:56 | 11 | plaintiff Best Medical and Best Theratronics. |
| 09:58:59 | 12 | **THE COURT:**  Thank you. |
| 09:58:59 | 13 | On behalf of the defendants? |
| 09:59:00 | 14 | **MR. HARTMAN:**  Good morning, Your Honor.  Ken Hartman. |
| 09:59:03 | 15 | **THE COURT:**  Thank you.  Other appearances? |
| 09:59:08 | 16 | **MR. TAYLOR:**  Scott Taylor with Arnall Golden Gregory |
| 09:59:10 | 17 | for the defendant, Your Honor. |
| 09:59:14 | 18 | **MR. DESAI:**  Anuj Desai, Your Honor, for defendant Rad |
| 09:59:15 | 19 | Source. |
| 09:59:17 | 20 | **MR. MITCHELL:**  Rick Mitchell, Your Honor, and behind me |
| 09:59:19 | 21 | we have representatives of Rad Source, Will Hartman and Randy |
| | 22 | Kirk. |
| 09:59:25 | 23 | **MR. HUIZENGA:**  David Huizenga, Arnall Golden Gregory, |
| 09:59:34 | 24 | for the defendant Rad Source. |
| 09:59:34 | 25 | **THE COURT:**  Are you going to be arguing principally |

| | | |
|---|---|---|
| 09:59:37 | 1 | today, sir?  Why don't I do this:  Everybody can stay seated, |
| 09:59:41 | 2 | just lower the microphones in front of you, please.  And if you |
| 09:59:44 | 3 | are going to speak, I would appreciate it if you would talk |
| 09:59:46 | 4 | directly into the microphone.  Mr. Millikan can hear you then |
| 09:59:49 | 5 | and so can I.  Also, if you would just restate your name until |
| 09:59:54 | 6 | he makes sure he has everybody down correctly. |
| 10:00:00 | 7 | I would like to -- I know there are a lot of arguments, |
| 10:00:04 | 8 | but I'd like to have what I would consider to be a useful |
| 10:00:09 | 9 | conversation with the parties about this case in terms of trying |
| 10:00:17 | 10 | to understand where it is and where it is going, so can we do |
| 10:00:20 | 11 | that first?  Then I will hear more technical arguments as we go |
| 10:00:24 | 12 | along. |
| 10:00:25 | 13 | First of all, there is no issue here that the |
| 10:00:32 | 14 | noncompete provision lapsed or expired as of September 26, 2010, |
| 10:00:42 | 15 | correct? |
| 10:00:43 | 16 | **MR. MITCHELL:**  That's correct. |
| 10:00:43 | 17 | **THE COURT:**  That is the date according to the document |
| 10:00:45 | 18 | itself. |
| 10:00:46 | 19 | **MR. MITCHELL:**  That's correct, Your Honor. |
| 10:00:53 | 20 | **THE COURT:**  So the first issue that I have been |
| 10:01:05 | 21 | discussing with you on previous phone conversations is whether |
| 10:01:09 | 22 | the order on preliminary injunction, as modified by Docket Entry |
| 10:01:14 | 23 | 48, should continue now that the noncompete provision has |
| 10:01:23 | 24 | expired by the terms of the document itself. |
| 10:01:28 | 25 | So that's the first issue I want to get to when we |

| | | |
|---|---|---|
| 10:01:42 | 1 | start to argue.  It appears to me, so you know, that it does, |
| 10:01:45 | 2 | and I didn't see any convincing argument on the plaintiffs' side |
| 10:01:52 | 3 | that would meet the likelihood of success criteria for an |
| 10:01:56 | 4 | extension, so that's one issue. |
| 10:02:00 | 5 | Then we get to the whole issue of relationship between |
| 10:02:13 | 6 | the grant of license and the noncompete clause and also the term |
| 10:02:26 | 7 | on the license and the issue of consequential damages. |
| 10:02:32 | 8 | I want to walk through this with you so you can |
| 10:02:35 | 9 | understand some of my concerns and thinking about it because |
| 10:02:38 | 10 | this case doesn't make a lot of sense to me as it is being |
| 10:02:42 | 11 | argued and I'm perhaps missing it. |
| 10:02:46 | 12 | But the grant of license had its own expiration |
| 10:02:57 | 13 | provision as I understand it.  That provision is 12.1, the term |
| 10:03:04 | 14 | of the license, correct? |
| 10:03:08 | 15 | That says the term of the license shall commence on the |
| 10:03:14 | 16 | closing date and unless terminated earlier pursuant to this |
| 10:03:21 | 17 | agreement -- and we will leave that hanging for a moment -- |
| 10:03:25 | 18 | shall remain in full force and effect until the expiration or |
| 10:03:30 | 19 | invalidity of the last to expire of the patents, and then it |
| 10:03:36 | 20 | goes on. |
| 10:03:38 | 21 | Now, as far as I know, no one has taken the position in |
| 10:03:50 | 22 | this case that the patents have all expired.  Is that true? |
| 10:03:56 | 23 | **MR. MOORE:**  Yes, that's true. |
| 10:04:00 | 24 | **MR. MITCHELL:**  That's correct, Your Honor. |
| 10:04:01 | 25 | **THE COURT:**  So is it a fair statement that regardless |

| | | |
|---|---|---|
| 10:04:05 | 1 | of the fight over the noncompete and issues associated with it, |
| 10:04:14 | 2 | the defendant has not taken the position that this agreement has |
| 10:04:21 | 3 | expired? |
| 10:04:21 | 4 | **MR. MITCHELL:**  Well, Your Honor, we are alleging that |
| 10:04:23 | 5 | the agreement was improperly assigned and as a result of that |
| 10:04:26 | 6 | improper assignment, the agreement became terminated. |
| 10:04:29 | 7 | **THE COURT:**  Okay.  So remind me:  Was there notice |
| 10:04:38 | 8 | given in accordance with the terms of the agreement to that |
| 10:04:39 | 9 | effect, or is that something that has been raised by the |
| 10:04:44 | 10 | pleadings? |
| 10:04:45 | 11 | **MR. MITCHELL:**  Notice was given after the initiation of |
| 10:04:49 | 12 | this lawsuit, Your Honor. |
| 10:04:50 | 13 | **THE COURT:**  Okay.  So it would appear to me that -- |
| 10:04:55 | 14 | leaving aside the noncompete issues and whether there are any |
| 10:04:58 | 15 | damages for it -- the heart of the case has to deal with whether |
| 10:05:10 | 16 | this license continues and whether the agreement continues and |
| 10:05:21 | 17 | for how long. |
| 10:05:22 | 18 | I have no idea what the parties intended when they |
| 10:05:25 | 19 | talked about "the last of the patents to expire." |
| 10:05:33 | 20 | So from plaintiffs' standpoint, I mean, what you are |
| 10:05:39 | 21 | really fighting for here is, at the end of the day, to get some |
| 10:05:44 | 22 | kind of determination, although I don't know that you have asked |
| 10:05:47 | 23 | for declaratory relief or anything like that, but a |
| 10:05:51 | 24 | determination that you didn't breach the agreement and therefore |
| 10:05:53 | 25 | the agreement remains in full force and effect. |

| | | |
|---|---|---|
| 10:05:58 | 1 | **MR. MOORE:**  It is certainly our position that the |
| 10:05:59 | 2 | agreement remains in full force and effect. |
| 10:06:03 | 3 | Notice may have been given under the termination clause |
| 10:06:05 | 4 | after this lawsuit was filed, but the agreement was never |
| 10:06:07 | 5 | terminated.  They have never taken the position that the |
| 10:06:10 | 6 | plaintiffs cannot use this technology.  We are still using it |
| 10:06:14 | 7 | today.  So the agreement has not been terminated. |
| 10:06:16 | 8 | **THE COURT:**  Well, that's what I want to ask about.  Is |
| 10:06:20 | 9 | it the defendant's position that this agreement is terminated |
| 10:06:23 | 10 | and that's what you want to have litigated here? |
| 10:06:26 | 11 | **MR. MITCHELL:**  Yes, Your Honor. |
| 10:06:27 | 12 | It's our position that plaintiffs' material breach of |
| 10:06:30 | 13 | the agreement excused Rad Source from any further performance |
| 10:06:35 | 14 | under the agreement. |
| 10:06:39 | 15 | **THE COURT:**  All right.  So it would appear to me the |
| 10:06:41 | 16 | heart of the lawsuit, especially from plaintiffs' side, is a |
| 10:06:46 | 17 | fight over whether you have an agreement that's going forward or |
| 10:06:50 | 18 | it's terminated. |
| 10:06:52 | 19 | **MR. MOORE:**  It is certainly one of the key arguments we |
| 10:06:54 | 20 | are making, Your Honor, and the patents don't expire until the |
| 10:06:59 | 21 | year 2022.  That is the time period we are talking about. |
| 10:07:03 | 22 | **THE COURT:**  Excuse me a second. |
| 10:07:08 | 23 | But the complaint itself doesn't request any kind of |
| 10:07:11 | 24 | declaratory relief.  So the only way this issue can be framed, |
| 10:07:17 | 25 | assuming it goes forward for trial to the jury, is whether the |

Oral Argument

8

| | | |
|---|---|---|
| 10:07:21 | 1 | defendant has shown a material breach of the agreement, and if |
| 10:07:30 | 2 | it does, then the implication is that the agreement is |
| 10:07:35 | 3 | terminated. |
| 10:07:36 | 4 | **MR. MITCHELL:**  They have alleged certain claims which |
| 10:07:38 | 5 | we filed summary judgment against, that we alleged they have not |
| 10:07:41 | 6 | proven or cannot prove, such as infringement on the prior |
| 10:07:46 | 7 | patents and violations of § 3.1. |
| 10:07:52 | 8 | **THE COURT:**  Let me not shift over to those other |
| 10:07:55 | 9 | matters for a minute.  I want to stay with what I think still |
| 10:08:00 | 10 | remains the key issue. |
| 10:08:02 | 11 | Your position, you are saying, is that you have |
| 10:08:05 | 12 | properly raised through notice and otherwise that this agreement |
| 10:08:12 | 13 | is terminated for reasons you set forth, including improper |
| 10:08:16 | 14 | assignment, correct? |
| 10:08:17 | 15 | **MR. MITCHELL:**  That's correct, Your Honor. |
| 10:08:18 | 16 | **THE COURT:**  Okay.  They dispute that the assignment was |
| 10:08:22 | 17 | improper.  There are all kinds of material issues about that, I |
| 10:08:28 | 18 | think.  So let's assume that has to be determined in front of a |
| 10:08:33 | 19 | jury, but that gets to the heart of the issue as far as |
| 10:08:38 | 20 | plaintiff is concerned.  Do you have an ongoing agreement going |
| 10:08:42 | 21 | forward or not or have they properly terminated? |
| 10:08:47 | 22 | If it is terminated for the future, how does that |
| 10:08:53 | 23 | relate to the damage claims?  I'm not asking you to argue about |
| 10:08:58 | 24 | that, but I am just raising the question. |
| 10:09:00 | 25 | Okay.  So let me go on and flip it around for a moment |

November 12, 2010

| | | |
|---|---|---|
| 10:09:04 | 1 | to another issue which I think is confusing to me.  Let's assume |
| 10:09:14 | 2 | that the defense is not able to satisfy the trier of fact that |
| 10:09:25 | 3 | there was a basis, legal basis, for termination, law or fact, |
| 10:09:31 | 4 | and that the agreement itself goes forward under the grant of |
| 10:09:39 | 5 | license, 3.1, into the future.  Let's assume that. |
| 10:09:45 | 6 | What is confusing to me is this, and maybe I am missing |
| 10:09:54 | 7 | something here.  Plaintiff has been arguing that the RS 3400 is, |
| 10:10:05 | 8 | in effect, the same as the RS 3000, or Raycell, same product. |
| 10:10:15 | 9 | Is plaintiff then taking the position, under this |
| 10:10:19 | 10 | agreement, you are the exclusive marketer of that product going |
| 10:10:25 | 11 | forward? |
| 10:10:25 | 12 | MR. MOORE:  Well, first, we don't contend the 3400 is |
| 10:10:28 | 13 | the same as the 3000.  What we contend is the RS 3400 embodies |
| 10:10:34 | 14 | in whole or in part Claim 6 -- |
| 10:10:36 | 15 | THE COURT:  My question is -- |
| 10:10:42 | 16 | MR. MOORE:  I'm sorry. |
| 10:10:43 | 17 | THE COURT:  Please.  Going forward, are you claiming |
| 10:10:48 | 18 | that, under your grant of license, you would have the exclusive |
| 10:10:55 | 19 | right to license, to market, et cetera, the 3400? |
| 10:11:09 | 20 | MR. MOORE:  Well, Your Honor, that's a difficult |
| 10:11:12 | 21 | question.  What our position is -- |
| 10:11:15 | 22 | THE COURT:  I am not asking how difficult it is.  I am |
| 10:11:17 | 23 | asking whether any of the pleadings in this case address that |
| 10:11:21 | 24 | question. |
| 10:11:21 | 25 | MR. MOORE:  I don't think we have ever contended that |

| | | |
|---|---|---|
| 10:11:23 | 1 | we own the 3400.  What we contend -- |
| 10:11:26 | 2 | **THE COURT:**  No, no.  I am not saying you own it.  My |
| 10:11:28 | 3 | question is whether the grant of license is inclusive of it. |
| 10:11:35 | 4 | Is that your position or not? |
| 10:11:38 | 5 | **MR. MOORE:**  The grant of license would include any |
| 10:11:45 | 6 | device that embodies in whole or in part the patents.  Because |
| 10:11:49 | 7 | we contend the RS 3400 embodies in whole or in part the patents, |
| 10:11:54 | 8 | I guess that's correct, that we would have the exclusive right |
| 10:11:58 | 9 | to develop, design, market, and sell the 3400. |
| 10:12:01 | 10 | **THE COURT:**  Well, this is what I'm trying to discuss |
| 10:12:03 | 11 | with both sides because the real issues are not really on the |
| 10:12:09 | 12 | table yet.  They are claiming, the defense side, this agreement |
| 10:12:14 | 13 | is over.  You can't market the 3000 any more because you don't |
| 10:12:20 | 14 | have the license.  It's done. |
| 10:12:23 | 15 | I'm now going to the other side of it which is:  Well, |
| 10:12:27 | 16 | let's assume for the sake of discussion they are unable to prove |
| 10:12:30 | 17 | that and that's wrong. |
| 10:12:33 | 18 | What is the implication of that as far as the |
| 10:12:37 | 19 | exclusivity of the license?  Is it your position that, |
| 10:12:44 | 20 | therefore, you have the sole license to market the 3400 now that |
| 10:12:49 | 21 | they can go ahead and design it and whatever under the |
| 10:12:52 | 22 | noncompete? |
| 10:12:53 | 23 | **MR. MOORE:**  That would be the end result, but what |
| 10:12:56 | 24 | we've asked for here is an injunction against them through the |
| 10:12:58 | 25 | year 2022 and them designing, developing, marketing, promoting |

| | | |
|---|---|---|
| 10:13:03 | 1 | and selling that device because that device does embody in whole |
| 10:13:07 | 2 | or in part the patents. |
| 10:13:08 | 3 | THE COURT:  But that doesn't make any sense to me |
| 10:13:11 | 4 | because if, at the end of the day, you have the exclusive right |
| 10:13:17 | 5 | to market it, why wouldn't you want to go ahead and market it? |
| 10:13:21 | 6 | MR. MOORE:  Well, that may be the case, Your Honor, but |
| 10:13:23 | 7 | the damage we see right now and the reason we are here is we've |
| 10:13:27 | 8 | got to stop them from marketing it. |
| 10:13:30 | 9 | I think it is a different issue, you know, for a |
| 10:13:32 | 10 | different day as to whether or not we take over that technology. |
| 10:13:35 | 11 | What we want is an injunction against them doing it. |
| 10:13:38 | 12 | THE COURT:  Well, if you are relying on the noncompete |
| 10:13:43 | 13 | provision to gain that injunction, I'm telling you I'm not going |
| 10:13:47 | 14 | to enter or extend the preliminary injunction. |
| 10:13:51 | 15 | MR. MOORE:  What we are relying on is 3.1, as you have |
| 10:13:54 | 16 | pointed out, the last sentence of § 3.1. |
| 10:13:58 | 17 | THE COURT:  Well, I'm going to leave for another day -- |
| 10:14:01 | 18 | I made a very limited determination in the emergency preliminary |
| 10:14:07 | 19 | injunction.  You all remember.  We had to do that at night.  It |
| 10:14:12 | 20 | went on for several days.  It was a limited universe of facts, |
| 10:14:22 | 21 | and I primarily relied on the noncompete provision.  That's |
| 10:14:31 | 22 | gone. |
| 10:14:35 | 23 | Now, whether you have the right under any other |
| 10:14:36 | 24 | interpretation to claim relief, I think, is the subject of a |
| 10:14:42 | 25 | full hearing and I don't, at this point, believe that you have |

| | | |
|---|---|---|
| 10:14:45 | 1 | shown a likelihood of success now that the noncompete provision |
| 10:14:49 | 2 | is gone.  There are too many other unanswered questions that |
| 10:14:54 | 3 | require a factual determination. |
| 10:14:59 | 4 | But what I'm trying to get to -- and how you discuss |
| 10:15:04 | 5 | this case outside of this Court ought to at least include some |
| 10:15:09 | 6 | of these issues because I see, at the end of the day, somebody |
| 10:15:14 | 7 | on the plaintiffs' side is going to come up and say, "Well, wait |
| 10:15:18 | 8 | a minute.  What are we doing here?  We can show that it's really |
| 10:15:23 | 9 | one and the same product.  We have made that argument before |
| 10:15:26 | 10 | because of the overlapping, or whatever, and we have a right to |
| 10:15:32 | 11 | market it.  We have the exclusive right." |
| 10:15:36 | 12 | Now, that's another fight.  I don't have those issues |
| 10:15:40 | 13 | before me.  Plaintiff concedes that, correct? |
| 10:15:44 | 14 | MR. HUIZENGA:  Your Honor, we would agree that it is |
| 10:15:48 | 15 | rather confusing based on the third sentence of 3.1 as to what |
| 10:15:54 | 16 | plaintiffs could or should have access to.  The defendants would |
| 10:16:00 | 17 | take the position that that clause, that that sentence, is, A, |
| 10:16:08 | 18 | overbroad. |
| 10:16:09 | 19 | THE COURT:  I know.  I understand we're going to get |
| 10:16:12 | 20 | into that argument in a moment.  I'm only dealing with global |
| 10:16:16 | 21 | issues for the moment.  If you would bear with me. |
| 10:16:18 | 22 | MR. HUIZENGA:  I'm sorry, Your Honor. |
| 10:16:19 | 23 | THE COURT:  No, no, no.  It's perfectly all right.  I |
| 10:16:21 | 24 | know you are geared up and ready to go for what you have filed, |
| 10:16:25 | 25 | and here I am frustrating you by talking about bigger pictures, |

10:16:32   1   but I think that we need to do that because of the implications

10:16:36   2   of what's going on here.

10:16:37   3        I mean, from plaintiffs' side, they are kind of

10:16:40   4   surprised that you are taking the position that the agreement is

10:16:42   5   terminated.  They have nothing going forward.  That's an issue

10:16:47   6   that has to be resolved.

10:16:50   7        I don't know that you have given much thought about

10:16:52   8   whether or not they are going to claim that, "You know what?  We

10:16:57   9   have the right to market your new product."

10:17:01   10        MR. HUIZENGA:  Your Honor, we have thought about that.

10:17:03   11   We believe that is what they ultimately are seeking and we would

10:17:09   12   take the position, and believe it has already been made of

10:17:14   13   record, if not in these motions, that the RS 3000 is not the RS

10:17:19   14   3400.

10:17:21   15        THE COURT:  And I don't want to get into that myself

10:17:24   16   where the pleadings don't raise it and join it.

10:17:27   17        MR. HUIZENGA:  Uh-huh.

10:17:28   18        THE COURT:  That's not my purpose here.  The only thing

10:17:32   19   that is joined, as I understand it, is the defense claim that

10:17:38   20   the agreement is terminated.  If the agreement is terminated,

10:17:42   21   then so is their exclusivity, right?

10:17:44   22        MR. HUIZENGA:  Correct.

10:17:45   23        THE COURT:  So that is something that has to be

10:17:48   24   determined.  If you lose on that, then there is this other

10:17:52   25   implication out there of, well, what is the effect and how does

| 10:17:56 | 1 | it relate to this product at the end of the day? |
| 10:18:00 | 2 | But what I do not have in this case is one of those |
| 10:18:05 | 3 | typical cases where the plaintiff is claiming that the defense |
| 10:18:13 | 4 | has entered into some agreement with a third party to market the |
| 10:18:20 | 5 | 3000 or even the 3400 and therefore that's an element of their |
| 10:18:30 | 6 | damages. |
| 10:18:31 | 7 | There is nothing in this case that claims that the |
| 10:18:34 | 8 | defense has gone that far to violate the exclusivity position as |
| 10:18:40 | 9 | I understand it.  Is that fair enough? |
| 10:18:43 | 10 | **MR. MOORE:**  I think that is right.  We know of no such |
| 10:18:46 | 11 | efforts on their part. |
| 10:18:47 | 12 | **THE COURT:**  Okay.  So when you break this case down, |
| 10:18:50 | 13 | leaving aside all the legal components to it which we will get |
| 10:18:56 | 14 | to, as far as relief sought by the plaintiffs on the damage |
| 10:19:07 | 15 | side, your relief, it seems to me, is some claim for damages |
| 10:19:17 | 16 | which ends on the date of the noncompete expiration, and I |
| 10:19:24 | 17 | entered an injunction, so they stopped doing some things. |
| 10:19:27 | 18 | You may claim they violated or something, but it seems |
| 10:19:31 | 19 | that when you really get down to it on the damage side, you are |
| 10:19:41 | 20 | faced with the arguments, under 13.1, on no consequential |
| 10:19:47 | 21 | damages. |
| 10:19:48 | 22 | You know, what these parties intended by putting this |
| 10:19:51 | 23 | together the way it did in these agreements is something that is |
| 10:19:56 | 24 | still ahead of us to talk about and whether that's a matter that |
| 10:20:00 | 25 | is going to be subject to a lot of extrinsic evidence as to what |

| | | |
|---|---|---|
| 10:20:04 | 1 | this agreement means, what did the parties really mean here, |
| 10:20:09 | 2 | because to me it's not so clear on the face when I look at it in |
| 10:20:16 | 3 | terms of all the trial issues, not just preliminary injunction. |
| 10:20:19 | 4 | So there is an issue, are you entitled to any damages |
| 10:20:29 | 5 | for the period of time in question.  And there's no like future |
| 10:20:36 | 6 | damage or something like that going forward because they haven't |
| 10:20:39 | 7 | entered into any agreement yet to have somebody else market |
| 10:20:46 | 8 | this, nor are you claiming, apparently, that you have the right |
| 10:20:49 | 9 | to market the 3400. |
| 10:20:51 | 10 | So that issue of damage is a big question mark.  Are |
| 10:21:02 | 11 | you legally entitled and how much, and how do I determine that |
| 10:21:08 | 12 | in terms of whether that is through this process or a Rule 104 |
| 10:21:13 | 13 | hearing on the Daubert motions before it ever gets to a jury? |
| 10:21:17 | 14 | But in terms of negotiating this case, I mean, that seems to me |
| 10:21:20 | 15 | to be a big issue. |
| 10:21:22 | 16 | So the second thing is injunction and then I'm trying |
| 10:21:30 | 17 | to understand your theory of injunction going forward without |
| 10:21:35 | 18 | the noncompete provision.  Does it rest solely on the grant of |
| 10:21:41 | 19 | license in 3.1? |
| 10:21:42 | 20 | MR. MOORE:  Yes, it does, Your Honor, 3.1, the last |
| 10:21:45 | 21 | sentence. |
| 10:21:45 | 22 | THE COURT:  Okay. |
| 10:21:48 | 23 | MR. MOORE:  But let me also point out -- I apologize. |
| 10:21:51 | 24 | THE COURT:  No, go ahead. |
| 10:21:51 | 25 | MR. MOORE:  There is an issue of the injunction |

| | | |
|---|---|---|
| 10:21:53 | 1 | continuing under the noncompete because that noncompete |
| 10:21:57 | 2 | provision -- |
| 10:21:57 | 3 | THE COURT: I don't buy it. |
| 10:21:58 | 4 | MR. MOORE: Okay. |
| 10:21:59 | 5 | THE COURT: I am just telling you flat out I don't buy |
| 10:22:02 | 6 | it. |
| 10:22:02 | 7 | MR. MOORE: Well, then they have had a one-year head |
| 10:22:04 | 8 | start on competition that we can't get back because the Court |
| 10:22:09 | 9 | doesn't buy the argument. That seems unfair to me. It is |
| 10:22:12 | 10 | inconsistent with -- |
| 10:22:13 | 11 | THE COURT: Maybe that is part of your claim for |
| 10:22:15 | 12 | damages, I don't know, if you have a claim for consequential |
| 10:22:19 | 13 | damages, whether it is included. But as far as whether I'm |
| 10:22:23 | 14 | going to extend the preliminary injunction now that the |
| 10:22:30 | 15 | noncompete is over, I'm just telling you I'm not going to do |
| 10:22:34 | 16 | that because I don't find a likelihood of success on that |
| 10:22:40 | 17 | argument at this point without a full opportunity for trial. |
| 10:22:43 | 18 | MR. MOORE: Then I have another issue and, that is, if |
| 10:22:45 | 19 | they are allowed, under 3.1, to design, develop, market and |
| 10:22:49 | 20 | promote a device that embodies in whole or in part Claim 6 of |
| 10:22:53 | 21 | the patent, we could be damaged in the future by those efforts |
| 10:22:56 | 22 | if there is no injunction -- |
| 10:23:00 | 23 | THE COURT: Well, -- |
| 10:23:02 | 24 | MR. MOORE: -- which would also be another element of |
| 10:23:03 | 25 | damages we would have to present at trial. |

| | | |
|---|---|---|
| 10:23:05 | 1 | **THE COURT:**  And also I would have to determine the |
| 10:23:10 | 2 | injunction issue as an equitable issue in terms of trial after I |
| 10:23:14 | 3 | figure out everything else in this case, including whether you |
| 10:23:18 | 4 | still have an agreement. |
| 10:23:19 | 5 | **MR. MOORE:**  Right. |
| 10:23:22 | 6 | **THE COURT:**  So I wanted to give you what I thought was |
| 10:23:30 | 7 | this overview to put these matters into context, and I want to |
| 10:23:35 | 8 | add just one more point to it.  Well, actually two points. |
| 10:23:41 | 9 | I think that this case is loaded with materially |
| 10:23:47 | 10 | disputed issues of fact.  I think this case will involve |
| 10:23:53 | 11 | testimony at length about the meaning of your agreement by the |
| 10:23:58 | 12 | parties because it is ambiguous to me and not clear as a matter |
| 10:24:04 | 13 | of law on the face. |
| 10:24:11 | 14 | So I foresee us going to trial on this case, including |
| 10:24:17 | 15 | on your issue of whether there's been a breach by them.  Now, |
| 10:24:25 | 16 | when you go to trial, there's this question of patent misuse. |
| 10:24:35 | 17 | Defense has not raised this as an affirmative defense. |
| 10:24:39 | 18 | Plaintiffs point that out.  You don't really respond to that. |
| 10:24:43 | 19 | You haven't moved to amend anything to include an |
| 10:24:46 | 20 | affirmative defense of patent misuse and then it's all over your |
| 10:24:53 | 21 | summary judgment. |
| 10:24:54 | 22 | What about that?  Why haven't you moved to amend and |
| 10:24:58 | 23 | how can I really even get to that issue without it being part of |
| 10:25:02 | 24 | the pleadings? |
| 10:25:04 | 25 | **MR. HUIZENGA:**  You are correct, Your Honor, that we did |

| | | |
|---|---|---|
| 10:25:06 | 1 | not move to amend the complaint.  However, the cases cited by |
| 10:25:13 | 2 | plaintiffs on the point you mention did allow amendment of the |
| 10:25:19 | 3 | complaint. |
| 10:25:20 | 4 | **THE COURT:**  Right. |
| 10:25:20 | 5 | **MR. HUIZENGA:**  We chose -- |
| 10:25:21 | 6 | **THE COURT:**  Go ahead. |
| 10:25:22 | 7 | **MR. HUIZENGA:**  I'm sorry. |
| 10:25:22 | 8 | **THE COURT:**  No, go ahead. |
| 10:25:24 | 9 | **MR. HUIZENGA:**  We chose to not amend the complaint at |
| 10:25:27 | 10 | this time. |
| 10:25:27 | 11 | **THE COURT:**  You mean your affirmative defenses. |
| 10:25:30 | 12 | **MR. HUIZENGA:**  I'm sorry, yes.  We chose not to amend |
| 10:25:33 | 13 | the affirmative defenses at this time because it would be our |
| 10:25:37 | 14 | position that this is not a patent infringement suit and our |
| 10:25:41 | 15 | understanding of the cases with respect to patent misuse as an |
| 10:25:45 | 16 | affirmative defense for patent infringement require a claim of |
| 10:25:51 | 17 | patent infringement to have been lodged. |
| 10:25:53 | 18 | In this particular case patent infringement is a tool |
| 10:25:57 | 19 | by which the parties, assuming sentence 3.1 remains in their |
| 10:26:03 | 20 | agreement, a tool by which the parties decided to determine what |
| 10:26:08 | 21 | is in and what is out of clause 3.1. |
| 10:26:14 | 22 | In Compton v. Metal Products, it is clear that patent |
| 10:26:18 | 23 | misuse and the policies that patent misuse is designed to |
| 10:26:22 | 24 | protect against, namely, anti-competitive effects that harm the |
| 10:26:28 | 25 | public, those policies exist whether it is a licensor who is |

| | | |
|---|---|---|
| 10:26:36 | 1 | under the patent misuse, is having patent misuse applied against |
| 10:26:40 | 2 | them, or whether it is the licensee. |
| 10:26:42 | 3 | In either case the public is deprived of having a |
| 10:26:46 | 4 | competing product which could and should be made and is not |
| 10:26:50 | 5 | covered by the claims of a U.S. patent. |
| 10:26:53 | 6 | THE COURT:  Before I get to the merit of the argument, |
| 10:26:58 | 7 | I am dealing still with the procedure.  Your argument is that |
| 10:27:01 | 8 | you don't need to raise it as an affirmative defense, that this |
| 10:27:05 | 9 | is not an affirmative defense technically and legally? |
| 10:27:10 | 10 | MR. HUIZENGA:  That is the position that we have taken, |
| 10:27:11 | 11 | correct. |
| 10:27:13 | 12 | THE COURT:  And that it comes in through the back door |
| 10:27:17 | 13 | in some way dealing with how the agreement is to be interpreted |
| 10:27:25 | 14 | and whether as a matter of law some aspect of it is void? |
| 10:27:29 | 15 | MR. HUIZENGA:  Correct, Your Honor. |
| 10:27:30 | 16 | As you may have seen in the records associated with the |
| 10:27:37 | 17 | motions before you, plaintiffs take both positions.  On the one |
| 10:27:42 | 18 | hand plaintiffs take the position that the third sentence of |
| 10:27:48 | 19 | clause 3.1 is limited to infringing or reading on at least one |
| 10:27:55 | 20 | of the claims of one of the licensed patents. |
| 10:27:58 | 21 | On the other hand the record is ripe through testimony |
| 10:28:03 | 22 | by their vice president of sales and marketing at the time, |
| 10:28:08 | 23 | through their answers to the interrogatories and through |
| 10:28:11 | 24 | testimony by their own patent expert, that they are taking the |
| 10:28:15 | 25 | position that it is a broad noncompete. |

| | | |
|---|---|---|
| 10:28:19 | 1 | That broad noncompete, first of all, Your Honor, as you |
| 10:28:22 | 2 | pointed out, there is a noncompete clause, 5.3, in this |
| 10:28:27 | 3 | agreement. |
| 10:28:28 | 4 | Second, this particular noncompete, we would take the |
| 10:28:32 | 5 | position if it is interpreted as a noncompete would not be |
| 10:28:37 | 6 | valid. |
| 10:28:38 | 7 | **THE COURT:**  Okay.  I'm just trying to understand how |
| 10:28:43 | 8 | this is raised technically.  Your position is that to the extent |
| 10:28:51 | 9 | the noncompete clause is now gone because it expired, we fall |
| 10:28:57 | 10 | back under the exclusivity position, and another issue which you |
| 10:29:02 | 11 | are raising with regard to the plaintiffs' claim that they still |
| 10:29:12 | 12 | have a noncompete by virtue of exclusivity is that that |
| 10:29:18 | 13 | interpretation would be void as being a patent misuse. |
| 10:29:23 | 14 | **MR. HUIZENGA:**  Correct, that it is -- |
| 10:29:25 | 15 | **THE COURT:**  I may not have said that exactly as you |
| 10:29:26 | 16 | argued it, but is that the essence of it? |
| 10:29:29 | 17 | **MR. HUIZENGA:**  I believe that is the essence. |
| 10:29:31 | 18 | **THE COURT:**  So what about that?  Do they have to raise |
| 10:29:36 | 19 | that issue as an affirmative -- is that really an affirmative |
| 10:29:38 | 20 | defense? |
| 10:29:39 | 21 | **MR. MOORE:**  It is absolutely an affirmative defense. |
| 10:29:41 | 22 | They take the position that patent misuse is an affirmative |
| 10:29:44 | 23 | defense to patent infringement and because this is not a patent |
| 10:29:47 | 24 | infringement case, it is not an affirmative defense.  That |
| 10:29:50 | 25 | doesn't follow. |

| 10:29:51 | 1 | They have raised patent misuse as an affirmative |
| 10:29:54 | 2 | defense to the claim that they breached the third sentence of |
| 10:29:58 | 3 | Article 3.1 of the license agreement.  It is by definition an |
| 10:30:03 | 4 | affirmative defense because it is an alleged fact or argument |
| 10:30:06 | 5 | that raises an entirely new matter as a defense that has nothing |
| 10:30:09 | 6 | to do with whether or not the plaintiffs' actions occurred or |
| 10:30:13 | 7 | didn't. |
| 10:30:13 | 8 | THE COURT:  Right.  Let's assume you are right.  But |
| 10:30:19 | 9 | are you prejudiced in any way from them doing so now because you |
| 10:30:21 | 10 | have had a lot of discovery on this and expert opinions on it? |
| 10:30:24 | 11 | MR. MOORE:  Well, actually, this issue got raised for |
| 10:30:28 | 12 | the first time in their summary judgment issues. |
| 10:30:29 | 13 | THE COURT:  I understand that. |
| 10:30:30 | 14 | MR. MOORE:  We have not had any discovery on the |
| 10:30:34 | 15 | alleged unfair impact or impact on the market raised by this |
| 10:30:38 | 16 | issue.  This issue was not raised until after the close of |
| 10:30:41 | 17 | discovery. |
| 10:30:42 | 18 | THE COURT:  Fair enough.  Let me say this -- just one |
| 10:30:46 | 19 | second, please -- it was not raised as part of the preliminary |
| 10:30:50 | 20 | injunction at all.  It was alluded to at some point and then I |
| 10:30:55 | 21 | think whoever was representing the defense at the time said we |
| 10:31:00 | 22 | may have this issue at a later date, but go ahead. |
| 10:31:05 | 23 | MR. MITCHELL:  I just want to correct the record on |
| 10:31:07 | 24 | that.  One, with respect to the preliminary injunction, that |
| 10:31:10 | 25 | focused on 5.3, and 3.1 really wasn't factored into the Court's |

10:31:15  1  order on that date.

10:31:16  2        But, secondly, we raised this issue in our first

10:31:19  3  summary judgment motion which was filed in advance of discovery

10:31:22  4  closing.

10:31:23  5        THE COURT:  Okay.  Here's what I would like to ask

10:31:28  6  about this.  It would seem to me, if this is going to be joined

10:31:37  7  as an issue, that at least you consider whether you want to, in

10:31:43  8  order to make sure that you don't have a technical matter, raise

10:31:49  9  this as an affirmative defense.

10:31:51  10       If you are seeking leave to do that, I would grant it

10:31:55  11  so that you could raise it, but then I think plaintiffs have a

10:32:00  12  right to come back and take additional discovery relating to it.

10:32:05  13       Now, how all this plays out at trial on the patent

10:32:14  14  misuse is something I'm not prepared to really address at this

10:32:18  15  point because I couldn't figure out procedurally as I went

10:32:23  16  through the briefs how it fit into the summary judgment issues

10:32:28  17  at this point, let alone to take the leap to grant it.

10:32:32  18       So I see this as another issue that's going to have to

10:32:38  19  be developed with some additional discovery if it is going to go

10:32:44  20  forward.

10:32:44  21       Now, I haven't given the plaintiffs a fair opportunity

10:32:48  22  to respond to a motion to amend at this juncture, although, as I

10:32:55  23  say, it appears to me that it's not a surprise.  It has been

10:33:04  24  addressed somewhat in part, and there may be some more work to

10:33:07  25  do on it, and there may be more witnesses necessary with respect

| | | |
|---|---|---|
| 10:33:13 | 1 | to it.  It certainly is going to complicate this trial somewhat. |
| 10:33:19 | 2 | So I wanted to at least put that on the table as |
| 10:33:22 | 3 | another one of these issues that would need to go forward.  So |
| 10:33:31 | 4 | as you can see, I have trouble with both sides' motions for |
| 10:33:37 | 5 | summary judgment at this time on the patent misuse. |
| 10:33:42 | 6 | I don't know that it's procedurally ripe to get into it |
| 10:33:45 | 7 | at this point until there is a formal motion and there is an |
| 10:33:49 | 8 | opportunity to brief on that. |
| 10:33:53 | 9 | But my inclination at this juncture, so that you know, |
| 10:33:57 | 10 | is that it is likely permitted and I would need to know, if |
| 10:34:02 | 11 | that's the case, then what does plaintiff need to do in order to |
| 10:34:09 | 12 | take further discovery on the issue and how does that change |
| 10:34:14 | 13 | things in terms of potential witnesses and the like and does |
| 10:34:20 | 14 | that add more experts and what does that mean to deadlines and |
| 10:34:25 | 15 | matters like that.  It is a complicated issue. |
| 10:34:31 | 16 | But it also raises legal questions that I thought |
| 10:34:34 | 17 | plaintiff raised some pretty good questions on.  Can the defense |
| 10:34:39 | 18 | raise this at this point as a shield?  Can you contract away |
| 10:34:45 | 19 | some of your rights on it? |
| 10:34:48 | 20 | There are some pretty good legal issues raised by |
| 10:34:50 | 21 | plaintiff on the matter.  So before that goes all the way to |
| 10:34:55 | 22 | trial I think those issues need a fair hearing and |
| 10:35:01 | 23 | determination, but I'm not prepared to do that yet because I |
| 10:35:06 | 24 | don't even have this, I think, procedurally in front of me in a |
| 10:35:09 | 25 | way that is ripe. |

Oral Argument

| | | |
|---|---|---|
| 10:35:12 | 1 | So that's another problem I have with this case as it |
| 10:35:18 | 2 | now stands.  Well, I have given you my overview.  Where do you |
| 10:35:37 | 3 | want to go from here?  Why don't I do this?  Let me give you -- |
| 10:35:48 | 4 | I'm going to take ten minutes.  I think you ought to have a |
| 10:35:53 | 5 | chance to talk to yourselves first and then to each other. |
| 10:36:02 | 6 | My thought is this:  We have a lot of work to do on |
| 10:36:06 | 7 | this case still.  I've told you I see that this agreement, while |
| 10:36:12 | 8 | it might have been negotiated for over a year, raises to me |
| 10:36:21 | 9 | ambiguities as to intent and no one has raised that issue as |
| 10:36:25 | 10 | such yet, but I'm give you an inclination as to my position on |
| 10:36:33 | 11 | it. |
| 10:36:33 | 12 | So the door is likely going to be open to all that type |
| 10:36:36 | 13 | of testimony.  What did these parties really mean when they |
| 10:36:38 | 14 | entered into this?  What did this really mean in terms of what |
| 10:36:44 | 15 | they wanted to accomplish here?  And then I think there is this |
| 10:36:55 | 16 | issue we just addressed on the affirmative defense that has to |
| 10:36:59 | 17 | be clarified. |
| 10:37:00 | 18 | There are issues that are very troublesome to me on |
| 10:37:05 | 19 | what the damage claim is.  Is the damage claim going to be |
| 10:37:10 | 20 | amended in some way?  Because I don't know if this is really |
| 10:37:16 | 21 | just for the period up to the time when the noncompete expires |
| 10:37:21 | 22 | or are we looking at something else? |
| 10:37:25 | 23 | How do I get there?  How do I determine consequential |
| 10:37:30 | 24 | damages and in relation to what?  In terms of exclusivity or |
| 10:37:36 | 25 | only noncompete or some combination? |

| | | |
|---|---|---|
| 10:37:42 | 1 | So in trying to case manage this, I'm not comfortable, |
| 10:37:51 | 2 | really, doing very much on your summary judgments as they stand. |
| 10:37:58 | 3 | I think this is one of those cases where the jury may have to |
| 10:38:05 | 4 | answer specific factual interrogatories before the law can be |
| 10:38:11 | 5 | applied here. |
| 10:38:16 | 6 | And then, before we even get to a jury, I can just see |
| 10:38:20 | 7 | us going through a very long process of pretrial conferences, |
| 10:38:26 | 8 | additional Motions in Limine.  I'm not talking about the Daubert |
| 10:38:31 | 9 | ones you filed but other matters to try to address some of the |
| 10:38:35 | 10 | evidentiary issues that may come up and what the damage claim |
| 10:38:42 | 11 | is, and I don't know whether there is further amendment of the |
| 10:38:45 | 12 | pleadings given what I've said to you about this case. |
| 10:38:50 | 13 | Is there going to be a separate lawsuit after this |
| 10:38:53 | 14 | where plaintiff changes its position and says, "Oh, well, |
| 10:38:57 | 15 | exclusivity, we have it?  We are your marketing guy. |
| 10:39:02 | 16 | Congratulations." |
| 10:39:05 | 17 | Is that going to be part of this case?  Why should |
| 10:39:08 | 18 | there be another case after that?  Shouldn't all that be decided |
| 10:39:19 | 19 | at one time? |
| 10:39:21 | 20 | Well, I've given you a lot to think about.  Let me give |
| 10:39:23 | 21 | you ten minutes.  When I come back, you'll tell me what your |
| 10:39:27 | 22 | thoughts are in terms of how best we should proceed given my |
| 10:39:31 | 23 | inclination that there are so many material issues of fact and |
| 10:39:35 | 24 | so many procedural questions ahead that I'm just not comfortable |
| 10:39:39 | 25 | doing anything at this point other than to say, sorry, |

10:39:44  1  noncompete is expired, I'm not going to extend this injunction,

10:39:47  2  but that doesn't mean they may not have a damage claim or

10:39:51  3  something.

10:39:52  4        So let's get back together, please, at -- I will give

10:39:57  5  you until five of 11:00.  I can only work with you for another

10:40:02  6  twenty minutes or so after that, but I think maybe the time

10:40:06  7  would be well spent if you talk to each other about what I have

10:40:10  8  talked to you about.

10:40:12  9     [There was a short recess taken at 10:40 a.m.]

          10                    **AFTER RECESS**

10:54:33  11    [The proceedings in this cause resumed at 10:54 a.m.]

10:54:34  12        **THE COURT SECURITY OFFICER:**  All rise.

10:54:35  13        **THE COURT:**  Why don't we be seated until everybody gets

10:54:38  14  in.

10:54:59  15        Let me start by asking this question:  Given the basis

10:55:06  16  of our discussion, is the plaintiff going to be requesting any

10:55:14  17  further amendment to your pleading, or are you prepared to go to

10:55:21  18  trial?

10:55:21  19        **MR. MOORE:**  The definitive answer is I don't know, Your

10:55:23  20  Honor.  We thought this was teed up for trial in January and

10:55:26  21  what we simply wanted was an injunction against them taking this

10:55:30  22  3400 to market.

10:55:32  23        You've raised a different issue that I will have to go

10:55:35  24  back and talk with the client about.

10:55:38  25        The one concern I have, Your Honor --

| 10:55:39 | 1 | **THE COURT:** Well, go ahead. |
| 10:55:39 | 2 | **MR. MOORE:** -- is the issue on the injunction not |
| 10:55:42 | 3 | continuing. |
| 10:55:42 | 4 | **THE COURT:** I know that is your concern. |
| 10:55:46 | 5 | **MR. MOORE:** If it doesn't continue and they are allowed |
| 10:55:47 | 6 | to develop, design, market and potentially sell the 3400, we |
| 10:55:53 | 7 | think that is a breech of 3.1, and we will suffer future damages |
| 10:55:57 | 8 | that will have to be somehow teed up for the trial whenever it |
| 10:56:00 | 9 | happens. |
| 10:56:01 | 10 | I'm not sure it is in our interest to delay and even |
| 10:56:04 | 11 | pursue that. |
| 10:56:05 | 12 | **THE COURT:** So my question to you is:  Do you need any |
| 10:56:07 | 13 | period of time to tell me whether you want to amend your |
| 10:56:13 | 14 | pleadings or not, or are you prepared to go forward with what is |
| 10:56:17 | 15 | here on the table, subject to whatever they want to do on their |
| 10:56:22 | 16 | affirmative defense? |
| 10:56:24 | 17 | [Counsel confer sotto voce at 10:56 a.m.] |
| 10:56:33 | 18 | **MR. MOORE:** If we could get a trial date in January, |
| 10:56:35 | 19 | Your Honor, I would say we don't need to amend anything.  We are |
| 10:56:39 | 20 | ready to go to trial. |
| 10:56:40 | 21 | **THE COURT:** Okay. |
| 10:56:40 | 22 | **MR. MOORE:** My only concern is not with amending the |
| 10:56:42 | 23 | pleadings regarding the license or the exclusivity on the 3400, |
| 10:56:46 | 24 | but the additional damages we are going to suffer. |
| 10:56:49 | 25 | **THE COURT:** Let me tell you a couple of things so you |

| | | |
|---|---|---|
| 10:56:53 | 1 | understand about the upcoming trial period.  There are several |
| 10:56:59 | 2 | things coming in January and February that would affect your |
| 10:57:08 | 3 | trial date, plus what I consider to be where this case is in |
| 10:57:12 | 4 | terms of it being trial ready. |
| 10:57:22 | 5 | I foresee that -- well, I have to get a calendar. |
| 10:57:28 | 6 | Bottom line is that the more likely date this case could be |
| 10:57:32 | 7 | ready for trial with all the work I think that has to be done to |
| 10:57:38 | 8 | get it trial ready is in March.  Perhaps that would be the |
| 10:57:45 | 9 | easiest way to state it, but let me get back to that. |
| 10:57:52 | 10 | Given the discussion, does the defense wish to amend |
| 10:57:56 | 11 | your pleadings? |
| 10:57:58 | 12 | MR. MITCHELL:  Yes, Your Honor.  Given, you know, the |
| 10:58:00 | 13 | Court's direction, we will amend our affirmative defenses to |
| 10:58:04 | 14 | include patent misuse. |
| 10:58:05 | 15 | THE COURT:  Okay.  So when would you be in a position |
| 10:58:10 | 16 | to formally make that request? |
| 10:58:12 | 17 | MR. MITCHELL:  Probably by the close of next week, Your |
| 10:58:14 | 18 | Honor. |
| 10:58:14 | 19 | THE COURT:  Okay.  Does the plaintiff intend to oppose |
| 10:58:19 | 20 | the request? |
| 10:58:19 | 21 | MR. MOORE:  Yes, Your Honor. |
| 10:58:20 | 22 | THE COURT:  All right.  So I have to let that go forth. |
| 10:58:28 | 23 | What I would ask is that in your responses to their motion to |
| 10:58:34 | 24 | say that in the event the Court does elect to grant the |
| 10:58:40 | 25 | amendment, we would need the following additional discovery, and |

| 10:58:45 | 1 | then be very clear about what it is you need and how long it is |
| 10:58:51 | 2 | going to take, does it involve new experts, or where does this |
| 10:58:54 | 3 | take us. |
| 10:58:57 | 4 | **MR. MOORE:**  We will do that. |
| 10:58:58 | 5 | **THE COURT:**  Then what I would need to know from your |
| 10:59:02 | 6 | side, in response to what they are going to say, is what is the |
| 10:59:05 | 7 | schedule to do that and are you going to need anybody and does |
| 10:59:11 | 8 | this now tee up new expert opinions? |
| 10:59:17 | 9 | Before we get there, would it make sense to at least |
| 10:59:24 | 10 | break out the legal issues associated with this question to see |
| 10:59:30 | 11 | as a matter of law what do I do with it, or truly is it |
| 10:59:35 | 12 | something that is so factually entwined in the case that I |
| 10:59:45 | 13 | cannot deal with it as a matter of law? |
| 10:59:46 | 14 | I'm not prepared to deal with that question today even |
| 10:59:48 | 15 | though I have read everybody's position on it.  My inclination |
| 10:59:51 | 16 | is that there are a lot of questions of fact as to what |
| 10:59:56 | 17 | everybody's intention was. |
| 10:59:59 | 18 | Before there can be a ruling on the legal issues, there |
| 11:00:03 | 19 | has to be an explication of the record in terms of the |
| 11:00:10 | 20 | intentions of the party which is trial based.  That is my |
| 11:00:15 | 21 | inclination. |
| 11:00:22 | 22 | So I would like to agree on a schedule.  You can file |
| 11:00:25 | 23 | your motion by when, sir?  I'm sorry? |
| 11:00:28 | 24 | **MR. MITCHELL:**  Next Friday, Your Honor. |
| 11:00:33 | 25 | **THE COURT:**  Okay.  I didn't bring -- well, maybe I did. |

11:00:42  1  The 19th?

11:00:43  2          MR. MITCHELL:  Yes.

11:00:45  3          THE COURT:  Okay.  And can I get a plaintiff response

11:00:51  4  consistent with what I have suggested to you by, say, the 3rd of

11:00:55  5  December?

11:00:56  6          MR. MOORE:  Yes, Your Honor.

11:00:57  7          THE COURT:  And can the defense turn around and give me

11:01:00  8  your response in terms of, if I allow it, here is what we think

11:01:09  9  the Rule 16 schedule ought to be amended to include?

11:01:13  10         MR. MITCHELL:  Yes, Your Honor.

11:01:15  11         THE COURT:  And we've discussed this or we have a real

11:01:19  12  fight on our hands over it, and you need to get involved with

11:01:23  13  it, so that I can make some determinations, because that is

11:01:25  14  going to affect, clearly, what's going to trial, how it is going

11:01:29  15  to go to trial, how long you need to prepare on this, and when

11:01:33  16  you would be in a position to get a pretrial stipulation done.

11:01:40  17         MR. MITCHELL:  Yes.  Do you want that submission made

11:01:44  18  after their --

11:01:44  19         THE COURT:  I'm sorry?

11:01:45  20         MR. MITCHELL:  Would you like that submission made

11:01:49  21  after their December 3rd --

11:01:50  22         THE COURT:  Yes.  I want to have some discussion

11:01:54  23  between the parties as to what each side's proposal -- assuming

11:01:59  24  I allow the amendment -- what each side's proposal would be in

11:02:04  25  terms of amending our scheduling order to accommodate this

| | | |
|---|---|---|
| 11:02:10 | 1 | affirmative defense and to conclude on that question. |
| 11:02:18 | 2 | Fair enough? |
| 11:02:19 | 3 | **MR. MITCHELL:**  Fair enough. |
| 11:02:20 | 4 | **MR. MOORE:**  Yes, Your Honor. |
| 11:02:21 | 5 | **THE COURT:**  Now, let me turn back to the plaintiffs' |
| 11:02:24 | 6 | side.  I'm going to give you, likewise, until the 19th to tell |
| 11:02:31 | 7 | me whether plaintiff wants to go forward to add any additional |
| 11:02:36 | 8 | counts in its complaint; and if you do, you're going to have to |
| 11:02:43 | 9 | state in your request what do you foresee this would involve in |
| 11:02:49 | 10 | terms of additional discovery and the like. |
| 11:02:52 | 11 | We're going to have to parallel that in terms of the |
| 11:02:56 | 12 | responses back and forth because you either want to proceed down |
| 11:03:06 | 13 | that road or you don't. |
| 11:03:08 | 14 | I'm not encouraging you to do it.  I'm only saying to |
| 11:03:12 | 15 | you I don't understand it here.  It seems to me very confusing |
| 11:03:17 | 16 | as to your position and what your position will be in the |
| 11:03:20 | 17 | future. |
| 11:03:21 | 18 | If you think that's going to be a new litigation, then |
| 11:03:25 | 19 | why do the parties want to go through all that when the same |
| 11:03:29 | 20 | issues are going to have to be litigated here?  But that's not |
| 11:03:37 | 21 | my decision. |
| 11:03:38 | 22 | So if you're going to request anything, you're going to |
| 11:03:41 | 23 | have to -- or further amend your pleadings given our |
| 11:03:45 | 24 | discussions -- follow the same trial schedule with the same |
| 11:03:50 | 25 | response times. |

Oral Argument

| | | |
|---|---|---|
| 11:03:51 | 1 | **MR. MOORE:**  We will do that, Your Honor. |
| 11:04:00 | 2 | **THE COURT:**  Once I get everybody's proposals and rule |
| 11:04:04 | 3 | on this, then I want to have a further conference as to how |
| 11:04:08 | 4 | we're going to proceed. |
| 11:04:11 | 5 | One of the issues that I'd like to have some further |
| 11:04:18 | 6 | comment on, if this affirmative defense goes forward, can it be |
| 11:04:24 | 7 | addressed as a matter of law, or is it so tied to an |
| 11:04:27 | 8 | interpretation that it just has to be decided at a trial. |
| 11:04:35 | 9 | I don't want to waste anybody's time with more motions. |
| 11:04:41 | 10 | In other words, I would rather have this all heard and then |
| 11:04:44 | 11 | determined at a fact-finding situation. |
| 11:04:47 | 12 | **MR. MOORE:**  We will set forth in our filing on the 3rd |
| 11:04:50 | 13 | why we think it is you can decide that affirmative defense as a |
| 11:04:52 | 14 | matter of law and not even allow it. |
| 11:04:56 | 15 | **THE COURT:**  All right.  So we will see where we are on |
| 11:04:59 | 16 | those issues. |
| 11:05:00 | 17 | What about comments from the defense side?  Anything |
| 11:05:06 | 18 | else in terms of what's ahead of us? |
| 11:05:10 | 19 | **MR. MITCHELL:**  We think, Your Honor, for purposes of |
| 11:05:12 | 20 | this morning, we have three discrete issues we think the Court |
| 11:05:16 | 21 | can rule on as a matter of law. |
| 11:05:17 | 22 | **THE COURT:**  Go ahead. |
| 11:05:19 | 23 | **MR. MITCHELL:**  I'll touch upon two of them quickly and |
| 11:05:22 | 24 | David will touch upon the third. |
| 11:05:25 | 25 | The first, which the Court has already aptly noticed, |

Oral Argument

| | | |
|---|---|---|
| 11:05:29 | 1 | in the contract at issue there is a provision regarding damages |
| 11:05:32 | 2 | and it says no consequential damages, § 13.1: |
| 11:05:36 | 3 | "Neither party shall be liable to the other under any |
| 11:05:39 | 4 | circumstances for any indirect, special, consequential or |
| 11:05:42 | 5 | incidental damages." |
| 11:05:45 | 6 | In this case the only damages that have been alleged so |
| 11:05:47 | 7 | far have been damages that fall under this category.  As a |
| 11:05:50 | 8 | result, we think the Court can declare and rule as a matter of |
| 11:05:53 | 9 | law that the plaintiffs are entitled to no damages in this case. |
| 11:05:58 | 10 | The second point that I would like to address to the |
| 11:06:01 | 11 | Court briefly is with respect to whether or not an assignment |
| 11:06:05 | 12 | occurred in this case.  We are not asking the Court to determine |
| 11:06:08 | 13 | whether or not Rad Source reasonably withheld consent to the |
| 11:06:12 | 14 | assignment because we believe that is a jury question, but the |
| 11:06:16 | 15 | fact of whether or not an actual assignment occurred, the Court |
| 11:06:20 | 16 | can rule as a matter of law that it did. |
| 11:06:24 | 17 | Specifically on two ways this assignment occurred, the |
| 11:06:29 | 18 | first of which, it occurred in the 2007 asset purchase agreement |
| 11:06:34 | 19 | between MDS and Best Medical. |
| 11:06:37 | 20 | In that agreement MDS assigned to Best all of its |
| 11:06:40 | 21 | business rights and all of its rights to the blood irradiation |
| 11:06:44 | 22 | business as well as the 2003 license agreement to Best Medical. |
| 11:06:49 | 23 | Section 2.1 of that agreement states that Best Medical |
| 11:06:51 | 24 | is purchasing the assets and the business from MDS.  "Assets" is |
| 11:06:55 | 25 | defined in that same agreement to include the 2003 license |

| | | |
|---|---|---|
| 11:06:59 | 1 | agreement between MDS and Rad Source, and "business" is defined |
| 11:07:03 | 2 | in that same agreement to include "self-contained irradiator |
| 11:07:08 | 3 | business currently carried on" by MDS which included the Raycell |
| 11:07:13 | 4 | line of products. |
| 11:07:14 | 5 | Therefore, it's crystal clear that in 2007, MDS |
| 11:07:20 | 6 | assigned all of its rights to Best Medical and that's in 2007, |
| 11:07:25 | 7 | November 29, 2007. |
| 11:07:27 | 8 | As of that date, they had already assigned everything |
| 11:07:30 | 9 | to Best and therefore there is no issue of fact of whether or |
| 11:07:33 | 10 | not an assignment occurred. |
| 11:07:35 | 11 | In any event, after that date MDS realized, "Oh, |
| 11:07:40 | 12 | shucks.  We need to get Rad Source's approval to this |
| 11:07:44 | 13 | assignment." |
| 11:07:45 | 14 | So, what do they do?  Weeks later -- and this is months |
| 11:07:48 | 15 | and months and months after they have already been negotiating |
| 11:07:50 | 16 | this agreement -- they approached Rad Source, sent them a |
| 11:07:53 | 17 | one-page letter and said, "Hey, guys, we have already entered |
| 11:07:57 | 18 | into this asset purchase agreement.  Will you consent to the |
| | 19 | assignment?" |
| 11:08:00 | 20 | Rad Source looked at that letter, had no idea who Best |
| 11:08:03 | 21 | Medical was, had been dealing with MDS throughout its business |
| 11:08:07 | 22 | life, had a relationship with MDS and simply said, "No, we will |
| 11:08:10 | 23 | not consent to this assignment until we get further |
| 11:08:13 | 24 | documentation." |
| 11:08:14 | 25 | They never got that documentation.  So what did Best go |

Oral Argument

| | |
|---|---|
| 11:08:16 | 1 |
| 11:08:20 | 2 |
| 11:08:23 | 3 |
| 11:08:24 | 4 |
| 11:08:27 | 5 |
| 11:08:32 | 6 |
| 11:08:33 | 7 |
| 11:08:36 | 8 |
| 11:08:41 | 9 |
| 11:08:44 | 10 |
| 11:08:47 | 11 |
| 11:08:50 | 12 |
| 11:08:53 | 13 |
| 11:08:59 | 14 |
| 11:09:06 | 15 |
| 11:09:12 | 16 |
| 11:09:15 | 17 |
| 11:09:23 | 18 |
| 11:09:29 | 19 |
| 11:09:33 | 20 |
| 11:09:36 | 21 |
| 11:09:42 | 22 |
| 11:09:48 | 23 |
| 11:09:53 | 24 |
| 11:09:57 | 25 |

1  ahead and do or MDS?  They thought they had the right to now

2  sublicense the agreement, the agreement they have already

3  assigned months earlier.

4  So they went ahead and entered a sublicense agreement

5  with Best which we articulate in our briefs is tantamount to an

6  assignment.

7  **THE COURT:**  What's the third issue?

8  **MR. HUIZENGA:**  The third issue involves Rad Source's

9  second motion for summary judgment with respect to

10  noninfringement as it relates to embodies in whole or in part

11  the patents, Your Honor.

12  There is no dispute of material facts with respect to

13  this motion.  Plaintiffs have admitted that the only claim at

14  issue is Claim 6 of the '255 patent.  Plaintiffs have admitted

15  that to embody in whole or in part the patents one must infringe

16  at least one claim of the patents.

17  With respect to whether Claim 6 is infringed, Claim 6

18  points out that a transfusion blood bag being in the form of a

19  rectangular box-like container is a limiting factor of the

20  claim.  It is so limiting even though it is in the preamble,

21  which you can determine as a matter of law, because the body of

22  the claim refers to said bag.  The only antecedent basis for

23  that, Your Honor, is in the preamble, transfusion blood bag.

24  When asked about this, plaintiffs' own patent expert

25  agreed that this phrase in the preamble was the same transfusion

November 12, 2010

| 11:10:02 | 1 | blood bag that was referred to in the body of the claim. |
| 11:10:07 | 2 | Furthermore, there is no dispute that the RS 3400 |
| 11:10:12 | 3 | utilizes a cylindrical container, not a rectangular box-like |
| 11:10:18 | 4 | container and so therefore there is no literal infringement. |
| 11:10:25 | 5 | With respect to the Doctrine of Equivalents, Your |
| 11:10:29 | 6 | Honor, one does not need actually to get to the function-way- |
| 11:10:34 | 7 | result analysis.  Plaintiffs have not disputed that other |
| 11:10:40 | 8 | claims, as well as the specification, refer to a much broader |
| 11:10:44 | 9 | genus of containers than rectangular box-like containers. |
| 11:10:48 | 10 | The specification clearly sets forth canisters and, in |
| 11:10:51 | 11 | fact, the plaintiffs own patent expert, when questioned about a |
| 11:10:55 | 12 | particular figure in the patent, Figure 2, stated that that |
| 11:11:00 | 13 | figure represented a cylindrical container. |
| 11:11:04 | 14 | Under the Doctrine of Dedication, as a matter of law |
| 11:11:10 | 15 | canisters and cylinder containers have been dedicated to the |
| 11:11:16 | 16 | public.  Therefore, as the RS 3400 utilizes a cylindrical |
| 11:11:22 | 17 | container, not a rectangular box-like container. |
| 11:11:27 | 18 | There is no infringement and there can be no |
| 11:11:29 | 19 | infringement under the Doctrine of Equivalents.  One cannot let |
| 11:11:35 | 20 | a patentee capture that which he could have claimed literally |
| 11:11:39 | 21 | and chose not to. |
| 11:11:41 | 22 | THE COURT:  All right.  So let me ask from the |
| 11:11:44 | 23 | plaintiffs' side:  Is it your position there are material issues |
| 11:11:48 | 24 | of fact with regard to one or more of these three issues and, if |
| 11:11:54 | 25 | so, what are the material issues? |

| | | |
|---|---|---|
| 11:11:56 | 1 | **MR. MOORE:** Well, Your Honor, there are material issues |
| 11:11:58 | 2 | of fact on all of these issues, including issues of fact as to |
| 11:12:00 | 3 | the intent of the parties. |
| 11:12:03 | 4 | For example, the Article 13.1 that they rely on to say |
| 11:12:08 | 5 | lost profits are not recoverable doesn't refer to lost profits. |
| 11:12:12 | 6 | It refers to indirect, special, consequential or incidental |
| 11:12:16 | 7 | damages. |
| 11:12:17 | 8 | Lost profits are not by definition consequential. Lost |
| 11:12:21 | 9 | profits can be direct, actual damages that flow necessarily from |
| 11:12:25 | 10 | a breach, and that is what we have here, and we've cited cases |
| 11:12:30 | 11 | where in a noncompete context courts have held that lost profits |
| 11:12:35 | 12 | are direct damages. |
| 11:12:36 | 13 | These are not consequential. It is true that lost |
| 11:12:40 | 14 | profits can be consequential, but they are not by definition |
| 11:12:43 | 15 | consequential. |
| 11:12:46 | 16 | The direct damages here, the lost profits were the |
| 11:12:49 | 17 | direct and necessary result of the breach of the noncompete. In |
| 11:12:55 | 18 | fact, if the plaintiffs here couldn't recover lost profit on |
| 11:12:59 | 19 | lost sales that were the result of their violation of the |
| 11:13:02 | 20 | noncompete agreement, I am at a loss to determine what damages |
| 11:13:05 | 21 | we could recover. There is nothing more direct than lost |
| 11:13:10 | 22 | profits in the violation of a noncompete agreement. |
| 11:13:13 | 23 | As to the assignment, Your Honor, very complicated |
| 11:13:17 | 24 | issue, but I will tell you that 2007 asset purchase agreement |
| 11:13:21 | 25 | could not assign what was not assignable and, therefore, without |

| | | |
|---|---|---|
| 11:13:27 | 1 | Rad Source's consent to the assignment, that license agreement |
| 11:13:30 | 2 | was not assignable and it wasn't assigned to Best. |
| 11:13:33 | 3 | That is why the parties entered into discussions about |
| 11:13:37 | 4 | whether Rad Source would consent to that assignment.  Rad Source |
| 11:13:41 | 5 | stated it would not consent to the assignment unless the parties |
| 11:13:44 | 6 | did away with the noncompete provision. |
| 11:13:47 | 7 | Then Rad Source or the plaintiff, MDS, told Rad Source |
| 11:13:52 | 8 | it would sublicense to the Best companies.  There is a material |
| 11:13:56 | 9 | dispute as to whether any objection was ever raised to that. |
| 11:14:01 | 10 | It is not in dispute, however, that at no time did Rad |
| 11:14:03 | 11 | Source ever contest that.  At no point did they ever say that is |
| 11:14:08 | 12 | a violation of the agreement.  At no point did they ever say you |
| 11:14:11 | 13 | can't sublicense without my consent but now, after they get sued |
| 11:14:15 | 14 | for breach of the noncompete, they raise these argument for the |
| 11:14:19 | 15 | first time. |
| 11:14:20 | 16 | Your Honor, we have cited -- you know, we have |
| 11:14:24 | 17 | addressed the cases that they raise to support their argument |
| 11:14:27 | 18 | that the sublicense was a de facto assignment.  Those are patent |
| 11:14:35 | 19 | cases. |
| 11:14:36 | 20 | There are no patent issues in this case that would |
| 11:14:37 | 21 | implicate those cases.  Those cases are trying to determine |
| 11:14:40 | 22 | whether a party has been assigned patent rights such that that |
| 11:14:43 | 23 | party can then bring a patent infringement action. |
| 11:14:47 | 24 | That's not what we have here.  They are trying to use |
| 11:14:50 | 25 | those cases to insulate themselves from liability and it just |

11:14:54  1  doesn't work.  They have cited no Florida case, no Florida

11:14:58  2  statute, which says a broad sublicense is by definition an

11:15:03  3  assignment.

11:15:04  4      Most importantly, Your Honor, the sublicense language

11:15:11  5  in this license agreement is unrestricted and very broad, and

11:15:15  6  there are disputes as to what the parties meant.

11:15:17  7      I was prepared to show the Court two documents that

11:15:19  8  predate the license agreement where the sublicense right was

11:15:22  9  limited.  In one of those documents, the term sheet, the parties

11:15:25  10 agreed that sublicenses could --

11:15:27  11     **THE COURT:**  I'm sorry.  Is this in the record or

11:15:29  12 something new?

11:15:30  13     **MR. MOORE:**  This was new stuff I brought here today,

11:15:34  14 Your Honor.

11:15:34  15     **THE COURT:**  You know you can't do that.

11:15:35  16     **MR. MOORE:**  Well, Your Honor, I want to make sure we

11:15:37  17 get it right, but there are documents that indicate the parties

11:15:40  18 specifically negotiated an unrestricted, broad sublicense right.

11:15:47  19     You look at 3.1, and that's what it is.  They are now

11:15:50  20 arguing that because MDS did what 3.1 says it can do, an

11:15:57  21 unrestricted broad sublicense, that by definition is an

11:16:01  22 assignment and MDS loses all of its rights.  There is no case

11:16:06  23 and no statute that supports that conclusion.

11:16:09  24     And as to this argument that Mr. Huizenga made, the

11:16:14  25 whole argument is based on the premise that Claim 6 of the '255

11:16:19    1   patent encompasses a rectangular box-like container.  It does

11:16:26    2   not, Your Honor.

11:16:28    3        If you look at Claim 6 -- and I was prepared with a

11:16:31    4   blowup of Claim 6 to show exactly what it covers -- it does not

11:16:37    5   reference a box-like container.

11:16:39    6        What the preamble says is that it describes an x-ray

11:16:45    7   irradiator for providing a uniform dose of x-ray beam

11:16:49    8   irradiation to a transfusion blood bag, said bag being in the

11:16:55    9   form of a rectangular box-like container.

11:16:58   10        There is no reference to any container whatsoever, and

11:17:04   11   Mr. Huizenga is wrong when he says that the claim elements are

11:17:07   12   consistent with the preamble.  The claim elements make no

11:17:12   13   reference whatsoever to a container.  They do reference a bag, a

11:17:16   14   blood bag, but no reference to a container.

11:17:19   15        There is nothing in the claim elements that refers to

11:17:22   16   this container that they argue is one of the claim elements.

11:17:26   17   Their whole position on this issue is that the transfusion blood

11:17:34   18   bag container claimed in the '255 patent is different than the

11:17:38   19   one in the 3400.  There is no transfusion blood bag container

11:17:45   20   within the claim of Claim 6.

11:17:49   21        And the related issue as to whether or not as a matter

11:17:54   22   of fact other containers have been dedicated to the public, they

11:17:58   23   are also wrong, Your Honor.

11:18:00   24        You heard Mr. Huizenga say that the 3400 uses a

11:18:03   25   cylindrical container.  At no point, at no language, nowhere in

| | | |
|---|---|---|
| 11:18:09 | 1 | that '255 patent is there use of the term "cylinder."  There are |
| 11:18:14 | 2 | references to containers but not one reference to a cylinder. |
| 11:18:19 | 3 |         In addition, the patent itself uses the term container |
| 11:18:22 | 4 | and cylinder -- or container and -- I apologize, Your Honor.  It |
| 11:18:34 | 5 | uses the term "container" and "canister" interchangeably. |
| 11:19:09 | 6 |         If you look at the patent itself and its description of |
| 11:19:13 | 7 | Figures 1 to 3, it refers to a chamber which is adapted to |
| 11:19:18 | 8 | receive a canister or container. |
| 11:19:21 | 9 |         The terms are used interchangeably.  So this patent |
| 11:19:24 | 10 | doesn't even dedicate canisters to the public.  There is no |
| 11:19:29 | 11 | specific reference to cylinders.  The use of the term "canister" |
| 11:19:33 | 12 | is not specific enough to dedicate canisters to the public and |
| 11:19:36 | 13 | therefore this whole doctrine does not apply. |
| 11:19:39 | 14 |         Your Honor, the '255 patent is very broad.  It was |
| 11:19:44 | 15 | written that way by the inventor and the reasons for allowance |
| 11:19:49 | 16 | from the Patent Office make very clear that the patent was |
| 11:19:51 | 17 | allowed for a very broad reason. |
| 11:19:55 | 18 |         Now, they are trying to narrow that patent.  Now, they |
| 11:19:57 | 19 | are trying to say Claim 6 is limited to a device that uses a |
| 11:20:01 | 20 | rectangular box-like container.  That's absolutely wrong as a |
| 11:20:06 | 21 | legal matter. |
| 11:20:08 | 22 |         **THE COURT:**  All right. |
| 11:20:08 | 23 |         **MR. HUIZENGA:**  May I respond? |
| 11:20:09 | 24 |         **THE COURT:**  Sure.  I can only give you a very few |
| 11:20:12 | 25 | minutes before I have to break for our next matter at 11:30 and |

| | | |
|---|---|---|
| 11:20:17 | 1 | give Mr. Millikan a rest. |
| 11:20:20 | 2 | Go ahead, sir. |
| 11:20:21 | 3 | **MR. MITCHELL:**  Let me respond quickly to the damage |
| 11:20:22 | 4 | issue, Your Honor. |
| 11:20:22 | 5 | **THE COURT:**  Sure. |
| 11:20:23 | 6 | **MR. MITCHELL:**  The cases cited by plaintiffs that lost |
| 11:20:26 | 7 | profits are recoverable in a breach of contract case, none of |
| 11:20:29 | 8 | those cases dealt with an agreement that contained a limitation |
| 11:20:32 | 9 | of liability clause like this case does. |
| 11:20:34 | 10 | So all of those cases cited by plaintiffs in their |
| 11:20:37 | 11 | brief are misplaced and opposite.  The cases we cited clearly |
| 11:20:43 | 12 | state that lost profits are the classic form of consequential |
| 11:20:49 | 13 | damages. |
| | 14 | The *Nightcliff v. Randall* case, an Eleventh Circuit |
| 11:20:50 | 15 | decision, said lost profits may indeed be the quintessential |
| 11:20:56 | 16 | example of consequential damages.  Clearly lost profits are |
| 11:21:01 | 17 | consequential damages. |
| 11:21:03 | 18 | Just briefly, with respect to his argument that none of |
| 11:21:07 | 19 | our cases involve -- all of them involve patents when looked at, |
| 11:21:11 | 20 | whether or not a sublicense agreement was an assignment, that is |
| 11:21:15 | 21 | incorrect.  The *BIOS* case that we cited to the Court was not a |
| 11:21:19 | 22 | patent case and it provided the exact legal analysis that we |
| 11:21:22 | 23 | identified in our brief. |
| 11:21:24 | 24 | **THE COURT:**  Go ahead, sir. |
| 11:21:27 | 25 | **MR. HUIZENGA:**  With respect to whether the preamble is |

Oral Argument

43

| | | |
|---|---|---|
| 11:21:29 | 1 | limiting, Your Honor, it is absolutely axiomatic that if |
| 11:21:34 | 2 | antecedent basis is needed to refer back to the preamble, that |
| 11:21:38 | 3 | the preamble becomes part of the claim. |
| 11:21:41 | 4 | When the plaintiffs' own patent expert was asked: |
| 11:21:44 | 5 | "In the preamble what does rectangular box-like |
| 11:21:49 | 6 | container modify?" |
| 11:21:51 | 7 | The answer:  "It would modify a transfusion blood bag." |
| 11:21:55 | 8 | "Question:  Is transfusion blood bag referred to in the |
| 11:21:59 | 9 | body of the claim? |
| 11:22:00 | 10 | "Answer:  Yes. |
| 11:22:01 | 11 | "Question:  Is the transfusion blood bag referred to in |
| 11:22:05 | 12 | the body of the claim the same transfusion blood bag |
| 11:22:08 | 13 | referred to in the preamble of the claim? |
| 11:22:10 | 14 | "Answer:  Yes.  I believe it is." |
| 11:22:15 | 15 | What plaintiffs' counsel is attempting to do is muddy |
| 11:22:20 | 16 | the waters.  There is no factual dispute that the transfusion |
| 11:22:23 | 17 | blood bag referred to in the body of the claim is the same |
| 11:22:26 | 18 | transfusion blood bag referred to in the preamble and that |
| 11:22:31 | 19 | rectangular box-like container modifies that bag. |
| 11:22:36 | 20 | As a matter of law with respect to the Doctrine of |
| 11:22:39 | 21 | Dedication, Your Honor, the position that "canisters" is too |
| 11:22:47 | 22 | broad or too generic or not capable, not specific enough by the |
| 11:22:51 | 23 | plaintiff, is frankly absurd. |
| 11:22:55 | 24 | There are claims in the patent other than Claim 6 which |
| 11:22:59 | 25 | specifically recite "canister" having been allowed by the Patent |

| | | |
|---|---|---|
| 11:23:03 | 1 | Office.  So clearly "canister" is specific enough to end up in a |
| 11:23:09 | 2 | claim; it just did not end up in Claim 6. |
| 11:23:14 | 3 | With respect to the cylinder in Figure 2, to say that |
| 11:23:17 | 4 | the patent does not disclose a cylinder, the plaintiffs' own |
| 11:23:21 | 5 | patent expert says that it discloses a cylinder. |
| 11:23:25 | 6 | There are no facts in dispute and you can rule as a |
| 11:23:27 | 7 | matter of law that Claim 6 is not infringed, would not be |
| 11:23:31 | 8 | infringed by the proposed RS 3400. |
| 11:23:35 | 9 | The plaintiffs have admitted that the only thing that |
| 11:23:37 | 10 | is needed is a finding that one claim is infringed by the |
| 11:23:44 | 11 | proposed RS 3400.  They have admitted no other claims are |
| 11:23:48 | 12 | infringed and therefore as a matter of law defendant's proposed |
| 11:23:53 | 13 | RS 3400 cannot be found to breach clause 3.1. |
| 11:24:00 | 14 | THE COURT:  Thank you for your appearances today.  We |
| 11:24:03 | 15 | stand in recess.  Let's take ten minutes, please. |
| 11:24:08 | 16 | MR. MITCHELL:  Your Honor, with respect to our Daubert |
| 11:24:10 | 17 | motions, are they just being held in abeyance until a future |
| 11:24:13 | 18 | date? |
| 11:24:13 | 19 | THE COURT:  Yes, sir.  I am not addressing those today. |
| 11:24:16 | 20 | I am going to give you a status of everything in the order. |
| 11:24:21 | 21 | MR. MITCHELL:  Thank you, Your Honor. |
| 11:24:24 | 22 | [The proceedings conclude at 11:24 a.m., 11/12/10.] |
| | 23 | |
| | 24 | |
| | 25 | |

1                  **C E R T I F I C A T E**

2         I hereby certify that the foregoing is an accurate transcription of the

3 proceedings in the above-entitled matter.

4

5    ___11.17.10___

      DATE

6                        **JOSEPH A. MILLIKAN, RPR-CM-NSC-FCRR**

                      *Official United States Court Reporter*

                      *Federally Certified Realtime Reporter*

7                        400 North Miami Avenue, Suite 11-1

                       Miami, FL  33128           305.523.5588

8                                   (Fax) 305.523.5589

9                        jamillikan@aol.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**A**

abeyance 44:17
able 9:2
about 4:9 5:9 6:19 7:8,21 8:17,23
  12:25 13:7,10 14:24 17:11,22 20:18
  22:6 25:8,12,20 26:7,8,24 28:1 29:1
  32:17 35:24 36:11 38:3
above-entitled 45:3
absolutely 20:21 41:20 43:1
absurd 43:23
access 12:16
accommodate 30:25
accomplish 24:15
accordance 6:8
according 4:17
accurate 45:2
action 38:23
actions 21:6
actual 33:15 37:9
actually 17:8 21:11 36:6
adapted 41:7
add 17:8 23:14 31:7
addition 41:3
additional 22:12,19 25:8 27:24 28:25
  31:7,10
address 9:23 22:14 25:9 33:10
addressed 22:24 24:16 32:7 38:17
addressing 44:19
admitted 35:13,14 44:9,11
advance 22:3
affect 28:2 30:14
affirmative 17:17,20 18:11,13,16 19:8
  19:9 20:19,19,21,22,4 21:1,4 22:9
  24:16 27:16 28:13 31:1 32:6,13
after 6:11 7:4 17:2 21:6 25:13 26:18
  26:6,10 30:18,21 34:11,15 38:13
against 8:5 10:24 11:11 18:24 19:1
  26:21
agree 12:14 29:22
agreed 35:25 39:10
agreement 5:17 6:2,5,6,8,16,24,2,5 7:2
  7:4,7,9,13,14,17 8:1,2,12,20 9:4,10
  10:12 13:4,20,20 14:4 15:1,7 17:4
  17:11 18:20 19:13 20:3 21:3 24:7
  33:18,20,22,23,2,5 34:1,2,16,18 35:2
  35:2,4 37:20,22,24 38:1,12 39:5,8
  42:8,20
agreements 14:23
ahead 10:21 11:5 14:24 15:24 18:6,8
  21:22 25:24 27:1 32:18,22 35:1,4
  42:2,24
al 1:4
ALAN 1:10
alleged 8:4,5 21:4,15 33:6
alleging 6:4
allow 18:2 30:8,24 32:14
allowance 41:15
allowed 16:19 27:5 41:17 43:25
alluded 21:20
alone 22:17
along 4:12
already 13:12 32:25 34:8,15,17 35:2
although 6:22 22:22
ambiguities 24:9
ambiguous 17:12
amend 17:19,22 18:1,9,12 22:22 27:13
  27:19 28:10,13 31:23
amended 24:20 30:9
amending 27:22 30:25
amendment 18:2 25:11 26:17 28:25
  30:24
analysis 36:7 42:22
ANDREA 2:2
another 9:11 11:17 12:12 16:18,24
  20:10 22:18 23:3 24:1 25:18 26:5
answer 25:4 26:19 43:7,10,14
answers 19:23
antecedent 3:23 42:2
anti-competitive 18:24
Anuj 2:3 3:18
anybody 29:7
anybody's 32:9
anything 6:23 17:19 25:25 27:19
  31:22 32:17
apologize 15:23 41:4
apparently 15:8
appear 6:13 7:15

appearances 1:12 3:3,15 44:14
appears 5:1 22:23
applied 19:1 25:5
apply 41:13
appreciate 4:3
approached 34:16
approval 34:12
aptly 32:25
argue 5:1 8:23 40:16
argued 5:11 20:16
arguing 3:25 9:7 39:20
argument 1:10 5:2 12:9,20 16:9,17
  19:6,7 21:4 38:14,17 39:24,25
  42:18
arguments 4:7,11 7:19 14:20
Arnall 2:3 3:16,23
around 3:25 30:7
Article 21:3 37:4
articulate 35:5
aside 6:14 14:13
asked 6:22 10:24 35:24 43:4
asking 8:23 9:22,23 26:15 33:12
aspect 19:14
asset 33:18 34:18 37:24
assets 33:24,24
assign 37:25
assignable 37:25 38:2
assigned 6:5 33:20 34:6,8 35:3 38:2
  38:22
assignment 6:6 8:14,16 33:11,14,15
  33:17 34:10,13,19,23 35:6 37:23
  38:1,4,5,18 39:3,22,22 42:20
associated 6:1 19:16 29:10
assume 8:18 9:1,5 10:16 21:8
assuming 7:25 18:19 30:23
Atlanta 2:4
attempting 43:15
Avenue 2:8 45:7
away 23:18 38:6
axiomatic 43:1
a.m 26:9,11 27:17 44:22

**B**

back 16:8 19:12 20:10 22:12 25:21
  26:4,24 28:9 31:5,12 43:2
bag 35:18,22,23 36:1 40:8,8,13,14,18
  40:19 43:7,8,11,12,17,18,19
based 12:15 29:20 39:25
basis 9:3,3 26:15 35:22 43:2
beam 40:7
bear 12:21
became 6:6
becomes 43:3
before 1:10 12:9,13 15:13 19:6,17
  23:21 25:4,6 29:9,18 41:25
beginning 3:3
behalf 3:5,7,13
behind 3:20
being 5:10 17:23 20:13 28:4 35:18
  40:8 44:17
believe 11:25 13:11,12 20:17 33:14
  43:14
Bennett 1:14 3:7,7
best 3:11,11 25:22 33:19,20,22,23
  34:6,9,20,25 35:5 38:2,8
between 5:5 30:23 33:19 34:1
big 15:10,15
bigger 12:25
BIOS 42:21
blood 33:21 35:18,23 36:1 40:8,14,17
  40:19 43:7,8,11,12,17,18
blowup 40:4
Blvd 1:15,21
body 35:21 36:1 43:9,12,17
both 10:11 19:17 23:4
Bottom 28:6
box-like 35:19 36:3,9,17 40:1,5,9
  41:20 43:5,19
breach 24:7 12 8:1 17:15 37:10,17
  38:14 42:7 44:13
breached 21:2
break 14:12 29:10 41:25
breech 27:7
BRIAN 1:14
brief 23:8 42:11,23
briefly 33:11 42:18
briefs 22:16 35:5

bring 29:25 38:23
broad 20:2 21 39:2,5,18,21 41:14
  41:17 43:22
broader 36:8
brought 39:13
Broward 1:15
business 33:21,22,24 34:1,3,21
buy 16:3,5,9
b.wilbourn@mooreandlee.com 1:18

**C**

C 45:1,1
calendar 28:5
CANADA 1:4
canister 41:5,8,11 43:25 44:1
canisters 36:10,15 41:10,12 43:21
capable 43:22
capture 36:20
carried 34:3
case 1:3 3:3 4:9 5:10,22 6:15 9:23 11:6
  12:5 14:2,7,12 15:14 17:3,9,10,14
  18:18 19:3 20:24 23:11 24:1,7 25:1
  25:12,17,18 28:3,6 29:12 33:6,9,12
  38:20 39:1,22 42:7,9,14,21,22
cases 14:3 18:1,15 25:3 37:10 38:17
  38:19,21,21,25 42:6,8,10,11,19
category 33:7
cause 26:11
certain 8:4
certainly 7:1,19 23:1
Certificate 2:14
Certified 2:7 45:6
certify 45:2
cetera 9:19
chamber 41:7
chance 24:5
change 23:12
changes 25:14
chose 18:5,9 12 36:21
Circuit 42:14
circumstances 33:4
cited 18:1 37:10 38:16 39:1 42:6,10,11
  42:21
CLA 2:2
claim 9:14 11:24 13:8,19 14:15,18
  16:11,12,20 18:16 20:11 21:2 24:19
  24:19 25:16 26:2 35:13,14,16,17,17
  35:20,22 36:1 39:25 40:3,4,11,12
  40:15,16,20,20 41:19 43:3,9,12,13
  43:17,24 44:2,2,7,10
claimed 36:20 40:18
claiming 9:17 10:12 14:3 15:8
claims 8:4,23 14:7 19:5,20 36:8 43:24
  44:11
clarified 24:17
classic 42:12
clause 5:6 7:3 12:17 18:21 19:19 20:2
  20:9 42:9 44:13
clear 15:2 17:12 18:22 29:1 34:5 41:16
clearly 30:14 36:10 42:11,16 44:1
client 26:24
close 21:16 28:17
closing 5:16 22:4
combination 24:25
come 12:7 22:12 25:10,21
comes 19:12
comfortable 25:1,24
coming 28:2
commence 5:15
comment 32:6
comments 32:17
companies 38:8
competing 19:4
competition 16:8
complaint 7:23 18:1,3,9 31:8
complicate 23:1
complicated 23:15 37:23
components 14:13
Compton 18:2
concedes 12:13
concern 26:25 27:4,22
concerned 8:20
concerns 9:2
conclude 31:1 44:22
conclusion 39:23
confer 27:17
conference 32:3

conferences 25:7
confusing 9:1,6 12:15 31:15
Congratulations 25:16
consent 33:13 34:18,23 38:1,4,5,13
consequential 5:7 14:20 16:12 24:23
  33:2,4 37:6,8,13,14,15 42:12,16,17
consider 4:8 22:7 28:3
consistent 30:4 40:12
contained 42:8
container 35:19 36:3,4,13,17,17 40:1
  40:5,9,10,13,14,16,18,19,2 5 41:3,4
  41:5,8,20 43:6,19
containers 36:9,9,15 40:22 41:2
contend 9:12,13 10:1,7
contended 9:25
CONTENTS 2:12
contest 38:11
context 17:7 37:11
continue 4:23 27:5
continues 6:16,16
continuing 16:1 27:3
contract 23:18 33:1 42:7
conversation 4:9
conversations 4:21
convincing 5:2
correct 4:15,16,19 9 5:14,24 8:14,15
  10:8 12:13 13:22 17:25 19:11,15,20
  20:14 21:23
correctly 4:6
counsel 3:10 27:17 43:15
counts 31:8
couple 27:25
Court 1:1 2:7 3:1,2,9,12,15,2 5 4:17,20
  5:25 6:7,13 7:8,15,22 8:8,16 9:15
  9:17,22 10:2,10 11:3,12,17 12:5,19
  12:23 13:15,18,23 14:12 15:22,24
  16:3,5,8,11,23 17:1,6 18:4,6,8,11
  19:6,12 20:7,15,18 21:8,13,18 22:5
  26:12,13 27:1,4,12,21,25 28:15,19
  28:22,24 29:5,25 30:3,7,11,19,22
  31:5 32:2,15,20,22,2 5 33:8,11,12,15
  35:7 36:22 39:7,11,15 41:22,24
  42:5,21,24 44:14,19 45:6
Courthouse 2:8
COURTROOM 1:5
courts 37:11
Court's 21:25 28:13
covered 19:5
covers 40:4
criteria 5:3
crystal 34:5
currently 34:3
cylinder 36:15 41:1,2,4 44:3,4,5
cylinders 41:11
cylindrical 36:3,13,16 40:25

**D**

D 2:8
damage 8:23 11:7 14:14,19 15:6,10
  24:19,19 25:10 26:2 42:3
damaged 16:21
damages 5:7 6:15 14:6,15,21 15:4
  16:12,13,25 24:24 27:7,24 33:1,2,5
  33:6,7,9 37:7,9,12,16,20 42:13,16
  42:17
date 4:17 5:16 14:16 21:22 22:1 27:18
  28:3,6 34:8,11 44:18 45:5
Daubert 15:13 25:8 44:16
David 2:1 3:23 32:24
day 6:21 11:4,10,17 12:6 14:1
days 21:19
de 1:21 38:18
deadlines 23:14
deal 6:5 21:9 23:14
dealing 12:20 19:7,13 34:21
dealt 42:8
December 30:5,21
decide 32:13
decided 18:20 25:18 32:8
decision 31:21 42:15
declaratory 6:23 7:24
declare 33:8
dedicate 41:10,12
dedicated 36:15 40:22
Dedication 36:14 43:21
defendant 1:8,20 3:17,18,24 6:2 8:1
defendants 3:13 12:16

defendant's 7:9 44:12
defense 9:2 10:12 13:19 14:3,8 17:17
  17:17,20 18:16 19:8,9 20:20,21,23
  20:24 21:2,4,5,21 22:9 23:17 24:16
  27:16 28:10 30:7 31:1 32:6,13,17
defenses 18:11,13 28:13
defined 33:25 34:1
definition 21:3 37:8,14 39:2,21
definitive 26:19
delay 27:10
deprived 19:3
Desai 2:3 3:18,18
describes 40:6
description 2:17 41:6
design 10:9,21 16:19 27:6
designed 18:23
designing 10:25
determination 6:22,24 11:18 12:3
  23:23
determinations 30:13
determine 15:11 17:1 18:20 24:23
  33:12 35:21 37:20 38:21
determined 8:18 13:24 32:11
develop 10:9 16:19 27:6
developed 22:19
developing 10:25
device 10:6 11:1,1 16:20 41:19
different 11:9,10 26:23 40:18
difficult 9:20,22
direct 37:9,12,16,17,21
direction 28:13
directly 4:4
disclose 44:4
discloses 44:5
discovery 21:10,14,17 22:3,12,19
  23:12 28:25 31:10
discrete 32:20
discuss 10:10 12:4
discussed 30:11
discussing 4:21
discussion 10:16 26:16 28:10 30:22
discussions 31:24 38:3
dispute 8:16 35:12 36:2 38:9,10 43:16
  44:6
disputed 17:10 36:7
disputes 39:6
DISTRICT 1:1,1,11
DIVISION 1:2
Docket 4:22
doctrine 36:5,14,19 41:13 43:20
document 4:17,24
documentation 34:24,25
documents 39:7,9,17
doing 11:11 12:8 14:17 21:9 25:2,25
done 10:14 28:7 30:16
door 19:12 24:12
dose 40:7
down 4:6 14:12,19 31:12

E
E 1:15 2:1,2 45:1,1
each 24:5 26:7 30:23,24
earlier 5:16 35:3
easiest 28:9
effect 5:18 6:9,25 7:2 9:8 13:25
effects 18:24
efforts 14:11 16:21
either 19:3 31:12
elect 28:24
element 14:5 16:24
elements 40:11,12,15,16
Eleventh 42:14
embodies 9:13 10:6,7 16:20 35:10
embody 11:1 35:15
emergency 11:18
encompasses 40:1
encouraging 31:14
end 6:21 10:23 11:4 12:6 14:1 44:1,2
ends 14:16
enough 14:9 21:18 31:2,3 41:12 43:22
  44:1
enter 11:14
entered 14:4,17 15:7 24:14 34:17 35:4
  38:3
entirely 21:5
entitled 15:4,11 33:9
Entry 4:22

entwined 29:12
equitable 17:2
Equivalents 36:5,19
especially 7:16
ESQ 1:13,14,14,20 2:1,1,2,3
essence 20:16,17
et 1:4 9:19
even 14:25 17:23 23:24 25:6 27:10
  29:14 32:14 35:20 41:10
event 6:20 7:4:11
ever 9:25 15:13 38:9,11,11,12
everybody 4:1,6 26:13
everybody's 29:15,17 32:2
everything 17:3 34:8 44:20
evidence 14:25
evidentiary 25:10
exact 42:22
exactly 20:15 40:4
example 37:4 42:16
exclusive 9:10,18 10:8 11:4 12:11
exclusivity 10:19 13:21 14:8 20:10,12
  24:24 25:15 27:23
Excuse 7:22
excused 7:13
exist 18:25
expert 19:24 21:10 29:8 35:24 36:11
  43:4 44:5
experts 23:14 29:2
expiration 5:12,18 14:16
expire 5:19 6:19 7:20
expired 4:14,24 5:22 6:3 20:9 26:1
expires 24:21
explication 29:19
extend 11:14 16:14 26:1
extension 5:4
extent 20:8
extrinsic 14:25

F
F 1:14 45:1
face 15:2 17:13
faced 14:20
fact 9:2,3 17:10 21:4 25:23 29:16
  33:15 34:9 36:11,24 37:2,2,18
  40:22
face 38:18
factor 35:19
factored 21:25
facts 11:20 35:12 44:6
factual 12:3 25:4 43:16
factually 29:12
fact-finding 32:11
fair 5:25 14:9 21:18 22:21 23:22 31:2
  31:3
fall 20:9 33:7
far 5:21 8:19 10:18 14:8,14 16:13 33:7
Fax 1:16 2:9 45:8
February 28:2
Federally 2:7 45:6
Ferguson 2:8
few 41:24
fight 6:1 7:17 12:12 30:12
fighting 6:21
figure 17:3 32:15 36:12,12,13 44:3
Figures 41:7
file 29:22
filed 7:4 8:5 12:24 22:3 25:9
filing 32:12
find 16:16
finding 44:10
first 4:11,13,20,25 9:12 20:1 21:12
  22:24,25 32:25 33:18 38:15
fit 22:16
five 26:5
FL 1:16,22 2:9 45:7
flat 16:5
flip 8:25
Floor 1:21
Florida 1:1,6 39:1,1
flow 37:9
focused 21:25
follow 20:25 31:24
following 28:25
force 5:18 6:25 7:2
foregoing 45:2
foresee 17:14 28:5 31:9
form 35:18 40:9 42:12

formal 23:7
formally 26:18
forth 8:13 28:22 31:12 32:12 36:10
forward 7:17,25 8:21 9:4,11,17 13:5
  15:6,17 22:20 23:3 27:14 31:7 32:6
found 44:13
framed 7:24
frankly 43:23
Friday 29:24
from 6:20 7:13,16 11:8 13:3 21:9 24:3
  29:5 32:17 33:24 36:22 37:9 38:25
  41:16
front 4:2 8:18 23:24
frustrating 12:25
Ft 1:16
full 5:18 6:25 7:2 11:25 16:17
function-way 36:6
further 7:13 23:12 25:11 26:17 31:23
  32:3,5 34:23
Furthermore 36:2
future 8:22 9:5 15:5 16:21 27:7 31:17
  44:17

G
GA 2:4
gain 11:13
geared 12:24
generic 43:22
genus 36:9
gets 8:19 15:13 26:13
give 17:6 24:3,10 25:20 26:4 30:7 31:6
  41:24 42:1 44:20
given 6:8,11 7:3 13:7 22:21 24:2 25:12
  25:20,22 26:15 28:10,12 31:23
global 12:20
go 4:11 8:25 10:21 11:5 12:24 15:24
  17:16 18:6,8 21:22 22:19 23:3 24:3
  26:17,23 27:1,14,20 28:22 30:15
  31:7,19 32:22 34:25 42:2,24
goes 5:20 7:25 9:4 23:21 32:6
going 3:25 4:3,10 7:17 8:20 9:10,17
  10:15 11:13,17 12:7,19 13:2,5,8
  14:25 15:6,17 16:14,15 17:14 22:6
  22:18,19 23:1 24:4,12,19 25:7,13
  25:17 26:1,16 27:24 29:2,6,7 30:14
  30:14,14 31:6,8,11,18,20,22,2 32:4
  34:10 35:6,11,19,19 44:11,20 45:1
GOLD 1:10
Golden 2:3 3:16,23
gone 11:22 12:12 14:8 20:9
good 3:2,14 23:17,20
GOSSM ANN 2:2
grant 5:6,12 9:4,18 10:3,5 15:18 22:10
  22:17 28:24
Gregory 2:3 3:16,23
guess 10:8
guy 25:15
guys 34:17

H
hand 19:18,21
hands 30:12
hanging 5:17
happens 27:9
Hartman 1:20 3:14,14,21
having 19:1,3 43:25
head 16:7
hear 4:4,11
heard 32:10 40:24
hearing 11:25 15:13 23:22
heart 6:15 7:16 8:19
held 37:11 44:17
Hey 34:17
Honor 3:5,14,17,18,20 4:19 5:24 6:4
  6:12 7:11,20 8:15 9:20 11:6 12:14
  12:22 13:10 15:20 17:25 19:15 20:1
  26:20,25 27:19 28:12,18,21 29:24
  30:6,10 31:4 32:1,19 35:11,23 36:6
  37:1,23 38:16 39:4,14,16 40:1,8
  41:4,14 42:4 43:1,21 44:16,21
HONORABLE 1:10
Huizenga 2:1 3:23,23 12:14,22 13:10
  13:17,22 17:25 18:5,7,9,12 19:10
  19:15 20:14,17 35:8 39:24 40:11,24
  41:23 42:25

I
idea 6:18 34:20
identified 42:23
impact 21:15,15
implicate 38:21
implication 8:2 10:18 13:25
implications 13:1
importantly 39:4
improper 6:6 8:13,17
improperly 6:5
INC 1:4,7
incidental 33:5 37:6
inclination 23:9 24:10 25:23 29:15,21
include 10:5 12:5 17:19 28:14 30:9
  33:25 34:2
included 16:13 34:3
including 8:13 17:3,14 37:2
inclusive 10:3
inconsistent 16:10
incorrect 42:21
indeed 42:15
indicate 39:17
indirect 33:4 37:6
infringe 35:15
infringed 35:17 44:7,8,10,12
infringement 8:6 18:14,16,17,18
  20:23,24 36:4,18,19 38:23
infringing 19:19
initiation 6:11
injunction 4:22 10:24 11:11,13,14,19
  14:17 15:3,16,17,25 16:14,22 17:2
  21:20,24 26:1,21 27:2
insulate 35:7
intend 28:19
intended 6:18 14:22
intent 24:9 37:3
intention 29:17
intentions 29:20
interchangeably 41:5,9
interest 27:10
interpretation 11:24 20:13 32:8
interpreted 19:13 20:5
interrogatories 19:23 25:4
invalidity 5:19
inventor 41:15
involve 17:10 29:2 31:9 42:19,19
involved 30:12
involves 35:8
in-house 3:10
irradiation 33:21 40:8
irradiator 34:2 40:7
issue 4:13,20,25 5:4,5,7 7:24 8:10,19
  9:1 11:9 13:15 15:4,10,15,25 16:18
  17:2,2,15,23 20:19,21 21:11,16,16
  21:22 22:2,7,18 23:12,15 24:9,16
  26:23 27:23 31:1 34:9 35:7,8,14
  37:24 40:17,21 42:4
issues 6:1,14 8:17 10:11 12:6,12,21
  15:3 17:10 21:12 22:16 23:3,20,22
  24:18 25:10,23 29:10,18 31:20 32:5
  32:16,20 36:23,24,25 37:1,2,2
  38:20

J
jamillikan@aol.com 2:10 45:8
January 26:20 27:18 28:2
join 13:16
joined 13:19 22:6
JOSEPH 2:6 45:5
Jr 2:8
JUDGE 1:11
judgment 8:5 17:21 21:12 22:3,16
  23:5 35:9
judgments 25:2
juncture 22:22 23:9
jury 7:25 8:19 15:13 25:3,6 33:14
just 4:2,5 8:24 15:3 16:5,15 17:8 20:7
  21:18,23 24:16,21 25:6,24 32:8
  38:25 42:18 44:2,17

K
Ken 3:14
KENNETH 1:20
key 7:19 8:10
kind 6:22 7:23 13:3
kinds 8:17
Kirk

3:22
**know** 4:7 5:1,21 6:22 11:9 12:19,24
13:7,8 14:10,22 16:12 23:6,9,10
24:20 25:11 26:19 27:4 28:12 29:5
38:16 39:15
**Kozyak** 1:21
**Kristen** 1:14 3:7
k.bennett@mooreandlee.com 1:18

**L**

**language** 39:4 40:25
**lapsed** 4:14
**last** 5:19 6:19 11:16 15:20
**later** 21:22 34:14
**Lauderdale** 1:16
**law** 9:3 17:13 19:14 25:4 29:11,13
32:7,14,21 33:9,16 35:21 36:14
43:20 44:7,12
**lawsuit** 6:12 7:4,16 25:13
**leap** 22:17
**least** 12:5 19:19 22:7 23:2 29:9 35:16
**leave** 5:17 11:17 22:10
**leaving** 6:14 14:13
**Lee** 1:15
**legal** 9:3 14:13 23:16,20 29:10,18
41:21 42:22
**legally** 15:11 19:9
**length** 17:11
**Leon** 1:21
**let** 8:8,25 15:23 21:18 22:17 24:3
25:20 26:15 27:25 28:9,22 31:5
36:19,22 42:3
**letter** 34:17 35:5
**let's** 8:18 9:1,5 10:16 21:8 26:4 44:15
**liability** 38:25 42:9
**liable** 33:3
**license** 5:6,7,12,14,15 6:16 9:5,18,19
10:3,5,14,19,20 15:19 21:3 27:23
33:22,25 38:1 39:5,8
**licensed** 19:20
**licensee** 19:2
**licensor** 18:25
**life** 34:22
**like** 4:7,8 6:23 15:5,6 22:5 23:13,15
29:22 30:20 31:10 32:5 33:10 42:9
**likelihood** 5:3 12:1 16:16
**likely** 23:10 24:12 28:6
**likewise** 31:6
**Limine** 25:8
**limitation** 42:8
**limited** 11:18,20 19:19 39:9 41:19
**limiting** 35:19,20 43:1
**line** 28:6 34:4
**literal** 36:4
**literally** 36:20
**litigated** 7:10 31:20
**litigation** 31:18
**LLP** 1:15 2:3
**loaded** 17:9
**lodged** 18:17
**long** 6:17 25:7 29:1 30:15
**look** 15:2 39:19 40:3 41:6
**looked** 34:20 42:19
**looking** 24:22
**lose** 13:24
**loses** 39:22
**loss** 37:20
**lost** 37:5,5,8,8,11,13,16,18,19,2 142:6
42:12,15,16
**lot** 4:7 5:10 14:25 21:10 24:6 25:20
27:15
**lower** 4:2
Lortiz@mooreandlee.com 1:17

**M**

**M** 1:13 2:2
**made** 11:18 12:9 13:12 19:4 30:17,20
39:24
**make** 5:10 11:3 22:8 28:16 29:9 30:13
39:16 40:12 41:16
**makes** 4:6
**making** 7:20
**manage** 26:1
**many** 12:2 25:23,24
**March** 28:8
**mark** 15:10
**market** 9:19 10:9,13,20 11:5,5 12:11

13:9 14:4 15:7,9 16:19 21:15 26:22
27:6
**marketer** 9:10
**marketing** 10:25 11:8 19:22 25:15
**material** 7:12 8:1,17 25:23 35:12
36:23,25 37:1 38:8
**materially** 17:9
**matter** 14:24 17:12 19:14 21:5 22:8
23:21 29:11,13 32:7,14,21 33:8,16
35:21 36:14 40:21 41:21,25 43:20
44:7,12 45:3
**matters** 8:9 17:7 23:15 25:9
**may** 3:3 7:3 11:6 14:18 19:16 20:15
21:22 22:24,25 25:3,10 26:2 41:23
42:15
**maybe** 9:6 16:11 26:6 29:25
**MDS** 1:4 33:19,20,24 34:1,3,5,11,21
34:22 35:1 38:7 39:20,22
**mean** 6:20 13:3 15:1,14 18:11 23:14
24:13,14 26:2
**meaning** 17:11
**means** 15:11
**meant** 39:6
**Medical** 3:11 33:19,22,23 34:6,21
**meet** 5:3
**mention** 18:2
**merit** 19:6
**Metal** 18:22
**Miami** 1:2,6,22 2:8,9 45:7,7
**microphone** 4:4
**microphones** 4:2
**might** 24:8
**Millikan** 2:6 4:4 42:1 45:5
**minute** 8:9 12:8
**minutes** 24:4 25:21 26:6 41:25 44:15
**misplaced** 42:11
**missing** 5:11 9:6
**misuse** 17:16,20 18:15,23,23 19:1,1
20:13,22 21:1 22:14 23:5 28:14
**Mitchell** 2:1 3:20,20 4:16,19 5:24 6:4
6:11 7:11 8:4,15 21:23 28:12,17
29:24 30:2,10,17,20 31:3 32:19,23
42:3,6 44:16,21
**modified** 4:22
**modifies** 43:19
**modify** 43:6,7
**moment** 5:17 8:25 12:20,21
**months** 34:14,15,15 35:3
**Moore** 1:13,15 3:5,5,10 5:23 7:1,19
9:12,16,20,25 10:5,23 11:6,15
14:10 15:20,23,25 16:4,7,13,24
17:5 20:21 21:11,14 26:19 27:2,5
27:18,22 28:21 29:4 30:6 31:4 32:1
32:12 37:1 39:13,16
**more** 4:11 10:13 17:8 22:24,25 23:14
28:6 32:9 36:24 37:21
**morning** 3:2,14 32:20
**Most** 39:4
**motion** 22:3,22 23:7 28:23 29:23 35:9
35:13
**motions** 13:13 15:13 19:17 23:4 25:8
32:9 44:17
**move** 18:1
**moved** 17:19,22
**much** 13:7 15:11 25:2 36:8
**muddy** 43:15
**must** 35:15
**myself** 13:15

**N**

**name** 4:5
**namely** 18:24
**narrow** 41:18
**necessarily** 37:9
**necessary** 22:25 37:17
**need** 13:1 19:8 23:3,10,11,22 27:12,19
28:25 29:1,5,7 30:12,15 34:12 36:6
**needed** 43:2 44:10
**negotiated** 24:8 39:18
**negotiating** 15:14 34:15
**Neither** 33:3
**never** 7:4,5 34:25
**new** 13:9 21:5 29:2,8 31:18 39:12,13
**next** 28:17 29:24 41:25
**night** 11:19
**Nightcliff** 42:14
**noncompete** 4:14,23 5:6 6:1,14 10:22

11:12,21 12:1 14:16 15:18 16:1,1
16:15 19:25 30:1,2,4,5,9,12,2 24:21
24:25 26:1 37:1,17,20,22 38:6,14
**none** 42:7,18
**noninfringement** 35:10
**North** 2:8 45:7
**nothing** 13:5 14:7 21:5 37:21 40:15
**notice** 6:21 7:3 8:12
**noticed** 32:25
**November** 1:7 34:7
**nowhere** 40:25
**N.W** 2:4

**O**

**objection** 38:9
**occurred** 21:6 33:12,15,17,18 34:10
**Office** 41:16 44:1
**OFFICER** 3:1 26:12
**Official** 2:7 45:6
**Oh** 25:14 34:11
**Okay** 6:7,13 8:16,25 14:12 15:22 16:4
20:7 22:5 27:21 28:15,19 29:25
30:3
**Once** 32:2
**one** 5:4,21 7:19 12:9 14:2 17:8 19:17
19:19,20 21:18,24 23:3 24:9 25:3
25:19 26:25 32:5 35:15,16 36:6,19
36:24 39:9 40:16,19 41:2 44:10
**ones** 25:9
**one-page** 34:17
**one-year** 16:7
**ongoing** 8:20
**only** 7:24 12:20 13:18 24:25 26:5
27:22 31:14 33:6 35:13,22 41:24
44:9
**open** 24:12
**opinions** 11:10 29:8
**opportunity** 16:17 22:21 23:8
**oppose** 28:19
**opposite** 42:11
**ORAL** 1:10
**order** 4:22 22:1,8 23:11 30:25 44:20
**other** 3:15 8:8 10:15 11:23 12:2 13:24
19:21 24:5 25:9,25 26:7 32:10 33:3
36:7 40:22 43:24 44:11
**otherwise** 8:12
**ought** 12:5 24:4 30:9
**out** 11:16 13:25 15:23 16:5 17:3,18
18:21 20:22 22:13,15 29:10 35:18
**outside** 12:5
**over** 6:1 7:17 8:8 10:13 11:10 16:15
17:20 24:8 30:12
**overbroad** 12:18
**overlapping** 12:10
**overview** 17:7 24:2
**own** 6:1 10:1,2 19:24 35:24 36:11
43:4 44:4

**P**

**Page** 2:13,17
**Pages** 1:8
**parallel** 31:1
**part** 9:14 10:6,7 11:2 14:11 16:11,20
17:23 21:19 22:24 25:17 35:10,15
43:3
**particular** 18:18 20:4 36:12
**parties** 4:9 6:18 14:22 15:1 17:12
18:19,20 24:13 30:3 31:19 37:3
38:3,5 39:6,9,17
**party** 14:4 29:20 33:3 38:22,23
**patent** 16:21 17:16,20 18:14,15,16,17
18:18,22,23 19:1,1,5,24 20:13,22,23
20:23 21:1 22:13 23:4 24:4 35:14
35:24 36:11,12 38:18,20,22,23 40:1
40:18 41:1,3,6,9,14,16,16,1 8 42:22
43:4,24,25 44:4,5
**patentee** 36:20
**patents** 5:19,22 6:19 7:20 8:7 10:6,7
11:2 19:20 35:11,15,16 42:19
**perfectly** 12:23
**performance** 7:13
**perhaps** 6:11 34:9
**period** 7:21 15:5 24:21 27:13 28:1
**permitted** 23:10
**phone** 4:21
**phrase** 35:25
**Ph.D** 2:1

**pictures** 12:25
**plaintiff** 1:5,13 3:4,11 8:20 9:7,9
12:13 14:3 23:11,17,21 25:14 26:16
28:19 30:3 31:7 38:7 43:23
**plaintiffs** 3:6,8 5:2 6:20 7:6,12,16
12:7,16 13:3 14:14 17:18 18:2
19:17,18 20:11 21:6 22:11,21 31:5
33:9 35:13,14,24 36:7,11,23 37:18
42:6,10 43:4,15 44:4,9
**plays** 22:13
**pleading** 26:17
**pleadings** 6:10 9:23 13:16 17:24 25:12
27:14,23 28:11 31:23
**please** 3:2 4:2 9:17 21:19 26:4 44:15
**plus** 28:3
**point** 11:25 15:23 16:17 17:8,18 18:2
21:20 22:15,17 23:7,18 25:25 33:10
38:11,12 40:25
**pointed** 11:16 20:2
**points** 17:8 35:18
**policies** 18:23,25
**Ponce** 1:21
**position** 5:21 6:2 7:1,5,9,12 8:11 9:9
9:21 10:4,19 12:17 13:4,12 14:8
18:14 19:10,18,25 20:5,8,10,22
24:10 25:14 28:15 29:15 30:16
31:1,16,16 36:23 40:17 43:21
**positions** 19:17
**potential** 23:13
**potentially** 27:6
**preamble** 35:20,23,25 40:6,12 42:25
43:2,3,5,13,18
**predate** 39:8
**prejudiced** 21:9
**preliminary** 4:22 11:14,18 15:3 16:14
21:19,24
**premise** 39:25
**prepare** 30:15
**prepared** 22:14 23:23 26:17 27:14
29:14 39:7 40:3
**present** 16:25
**president** 19:22
**pretrial** 25:7 30:16
**pretty** 23:17,20
**previous** 4:21
**primarily** 11:21
**principally** 3:25
**prior** 8:6
**Probably** 28:17
**problem** 24:1
**procedural** 25:24
**procedurally** 22:15 23:6,24
**procedure** 19:7
**proceed** 25:22 31:12 32:4
**proceedings** 26:11 44:22 45:3
**process** 15:12 25:7
**product** 9:8,10 12:9 13:9 14:1 19:4
**products** 18:22 34:4
**profit** 37:18
**profits** 37:5,5,8,9,11,14,16,2 2 42:7,12
42:15,16
**promote** 16:20
**promoting** 10:25
**properly** 8:12,21
**proposal** 30:23,24
**proposals** 32:2
**proposed** 44:8,11,12
**protect** 18:24
**prove** 8:6 10:16
**proven** 8:6
**provided** 42:22
**providing** 40:7
**provision** 4:14,23 5:13,13 11:13,21
12:1 15:18 16:2 33:1 38:6
**public** 18:25 19:3 36:16 40:22 41:10
41:12
**purchase** 33:18 34:18 37:24
**purchasing** 33:24
**purpose** 13:18
**purposes** 32:19
**pursuant** 5:16
**pursue** 27:11
**put** 17:7 23:2
**putting** 14:22

**Q**

**question** 8:24 9:15,21,24 10:3 15:5,10

17:16 26:15 27:12 29:10,14 31:1
33:14 43:8,11
**questioned** 36:11
**questions** 12:2 23:16,17 25:24 29:16
**quickly** 32:23 42:3
**quintessential** 42:15

**R**

**R** 1:20 45:1
**Rad** 1:7 3:18,21,24 7:13 33:13 34:1,12
34:16,20 35:8 38:1,4,4,7,7,10
**raise** 13:16 19:8 20:18 22:8,11 23:18
38:14,17
**raised** 6:9 8:12 17:17 20:8 21:1,11,15
21:16,19 22:2 23:17,20 24:9 26:23
38:9
**raises** 21:5 23:16 24:8
**raising** 8:24 20:11
**Randall** 42:14
**Randy** 3:21
**rather** 12:15 32:10
**Raycell** 9:8 34:3
**read** 29:15
**reading** 19:19
**ready** 12:24 27:20 28:4,7,8
**real** 10:11 30:11
**realized** 34:11
**really** 6:21 10:11 12:8 14:19 15:1
17:18,23 20:19 21:25 22:14 24:13
24:14,20 25:2
**Realtime** 2:7 45:6
**reason** 11:7 41:17
**reasonably** 33:13
**reasons** 8:13 41:15
**receive** 41:8
**recess** 26:9,10 44:15
**recite** 43:25
**record** 13:13 19:21 21:23 29:19 39:11
**records** 19:16
**recover** 37:18,21
**recoverable** 37:5 42:7
**rectangular** 35:19 36:3,9,17 40:1,9
41:20 43:5,19
**refer** 36:8 37:5 43:2
**reference** 40:5,10,13,13,1 4 41:2,11
**references** 41:2
**referred** 36:1 43:8,11,13,17,18
**refers** 35:22 37:6 40:15 41:7
**regard** 20:11 36:24
**regarding** 27:23 33:1
**regardless** 5:25
**relate** 8:23 14:1
**related** 40:21
**relates** 35:10
**relating** 22:12
**relation** 24:24
**relationship** 5:5 34:22
**relied** 11:21
**relief** 6:23 7:24 11:24 14:14,15
**rely** 37:4
**relying** 11:12,15
**remain** 5:18
**remains** 6:25 7:2 8:10 18:19
**remember** 11:19
**remind** 6:7
**REPORTED** 2:6
**Reporter** 2:7,7 45:6,6
**Reporter's** 2:14
**representatives** 3:21
**represented** 36:13
**representing** 21:21
**request** 7:23 28:16,20 31:9,22
**requesting** 26:16
**require** 12:3 18:16
**resolved** 13:6
**respect** 18:15 21:24 22:25 33:11 35:9
35:12,17 36:5 42:18,25 43:20 44:3
44:16
**respond** 17:18 22:22 41:23 42:3
**response** 29:6 30:3,8 31:25
**responses** 28:23 31:12
**rest** 15:18 42:1
**restate** 4:5
**result** 6:5 10:23 33:8 36:7 37:17,19
**resumed** 26:11
**RICHARD** 2:1
**Rick** 3:20

**right** 7:15 9:19 10:8 11:4,7,23 12:10
12:11,23 13:9,21 14:10 15:18 17:5
18:4 21:8,8 22:12 28:22 32:15 35:1
36:22 39:8,17,18 41:22
**rights** 23:19 33:21,21 34:6 38:22
39:22
**ripe** 19:21 23:6,25
**rise** 3:1 26:12
**road** 31:13
**Robert** 1:13 3:5
**RPR-CM –NSC-FCRR** 2:6
**RPR-CM –NSC-FCRSC** 45:5
**RS** 9:7,8,13 10:7 13:13,13 36:2,16
44:8,11,13
**rule** 15:12 30:9 32:2,21 33:8,16 44:6
**ruling** 29:18
r.rmoore@mooreandlee.com 1:17

**S**

**S** 1:10
**sake** 10:16
**sales** 19:22 37:19
**same** 9:8,8,13 32:9 31:19,24,24 33:25
34:2 35:25 43:12,17
**satisfy** 9:2
**saying** 8:11 10:2 31:14
**says** 5:15 25:14 33:2 39:2,20 40:6,11
44:5
**schedule** 29:7,22 30:9 31:24
**scheduling** 30:25
**Scott** 2:2 3:16
**Sean** 3:10
**seated** 3:2 4:1 26:13
**second** 7:22 15:16 20:4 21:19 33:10
35:9
**secondly** 22:2
**Section** 33:23
**SECURITY** 3:1 26:12
**see** 5:2 11:7 12:6 22:18 23:4 24:7 25:6
29:10 32:15
**seeking** 13:11 22:10
**seem** 22:6
**seems** 14:15,18 15:14 16:9 31:15
**seen** 19:16
**self-contained** 34:2
**sell** 10:9 27:6
**selling** 11:1
**sense** 5:10 11:3 29:9
**sent** 34:16
**sentence** 11:16 12:15,17 15:21 18:19
19:18 21:2
**separate** 25:13
**September** 4:14
**set** 8:13 32:12
**sets** 36:10
**several** 11:20 28:1
**sheet** 39:9
**shield** 23:18
**shift** 8:8
**short** 26:9
**show** 12:8 39:7 40:4
**shown** 8:1 12:1
**shucks** 34:12
**side** 5:2 7:16 10:12,15 12:7 13:3 14:15
14:19 29:6 31:6 32:17 36:23
**sides** 10:11 23:4
**side's** 30:23,24
**simply** 26:21 34:22
**sir** 4:1 29:23 42:2,24 44:19
**situation** 32:11
**sole** 10:20
**solely** 15:18
**some** 5:9 6:21 12:5 14:4,15,17 19:13
19:14 21:20 22:10 24:2 25:17,19,20
24:20,25 25:9 30:13,22 32:5
**somebody** 12:6 15:7
**somehow** 27:8
**something** 6:9 9:7 13:23 14:18,23
15:6 22:14 24:22 26:3 29:12 39:12
**somewhat** 22:24 23:1
**sorry** 9:16 12:22 18:7,12 25:25 29:23
30:19 39:11
**sotto** 27:17
**sought** 14:14
**Source** 1:7 3:19,21,24 7:13 33:13 34:1
34:16,20 38:4,4,7,7,11
**Source's** 34:12 35:8 38:1

**SOUTHERN** 1:1
**speak** 4:3
**special** 33:4 37:6
**specific** 23:4 41:11,12 43:22 44:1
**specifically** 33:17 39:18 43:25
**specification** 36:8,10
**spent** 26:7
**stand** 25:2 44:15
**standpoint** 6:20
**start** 5:1 16:8 26:15
**state** 28:9 31:9 42:12
**stated** 36:12 38:5
**statement** 5:25
**states** 1:1,11 2:7 33:23 45:6
**status** 44:20
**statute** 39:2,23
**stay** 4:1 8:9
**still** 7:6 8:9 14:24 17:4 19:7 20:11 24:7
**stipulation** 30:16
**stop** 11:8
**stopped** 14:17
**Street** 2:4
**stuff** 39:13
**subject** 11:24 14:25 27:15
**sublicense** 35:2,4 38:8,13,18 39:2,4,8
39:18,21 42:20
**sublicenses** 39:10
**submission** 30:17,20
**success** 5:3 12:1 16:16
**sued** 38:13
**suffer** 27:7,24
**suggested** 30:4
**suit** 18:14
**Suite** 1:15 2:4,8 45:7
**summary** 8:5 17:21 21:12 22:3,16
23:5 25:2 35:9
**support** 38:17
**supports** 39:23
**sure** 4:6 22:8 27:10 39:16 41:24 42:5
**surprise** 22:23
**surprised** 13:4

**T**

**T** 45:1,1
**table** 2:12 10:12 23:2 27:15
**take** 11:10 12:17 13:12 19:17,18 20:4
20:22 22:12,17 23:12 24:4 29:2,3
44:15
**taken** 5:21 6:2 7:5 19:10 26:9
**taking** 9:9 13:4 19:24 26:21
**talk** 4:3 14:24 24:5 26:7,24
**talked** 6:19 26:8
**talking** 7:21 12:25 25:8
**tantamount** 35:5
**Taylor** 2:2 3:16,16
**technical** 4:11 22:8
**technically** 19:9 20:8
**TECHNOLOGIES** 1:7
**technology** 7:6 11:10
**tee** 29:8
**teed** 26:20 27:8
**tell** 25:21 27:13,25 31:6 37:24
**telling** 11:13 16:5,15
**ten** 24:4 25:21 44:15
**term** 5:6,13,15 39:9 41:1,3,5,11
**terminated** 5:16 6:6 7:5,7,9,18 8:3,13
8:21,22 13:5,20,20
**termination** 7:3 9:3
**terms** 4:9,24 6:8 15:3,12,14 17:2
23:13 24:14,24 25:22 28:4 29:19
30:8,25 31:10,11 32:18 41:9
**testimony** 17:11 19:21,24 24:13
**Thank** 3:9,12,15 44:14,21
**their** 13:21 14:5,11 18:19 19:22,23,24
21:12 27:15 28:23 30:18,21 37:19
38:17 40:17 42:10
**themselves** 38:25
**theory** 15:17
**Theratronics** 3:11
**thing** 13:18 15:16 44:9
**things** 14:17 23:13 27:25 28:2
**think** 8:9,18 9:1,25 11:9,24 13:1 14:10
17:9,10 21:21 22:11 23:22,24 24:4
24:15 25:3,20 26:6 27:7 28:7 30:8
31:18 32:13,19,20 33:8
**thinking** 5:9

**third** 12:15 14:4 19:18 21:2 32:24
35:7,8
**Thockmorton** 1:21
**though** 29:15 35:20
**thought** 13:7,10 17:6 23:16 24:6
26:20 35:1
**thoughts** 25:22
**three** 32:20 36:24
**through** 5:8 8:12 10:24 15:12 19:12
19:21,23,23 22:16 25:7 31:19
**throughout** 34:21
**tied** 32:7
**time** 7:21 15:5 18:10,13 19:22 21:12
21:21 23:5 24:21 25:19 26:6 27:13
32:9 38:10,15
**times** 31:25
**today** 3:9 4:1 7:7 29:14 39:13 44:14
44:19
**together** 14:23 26:4
**told** 24:7 38:7
**tool** 18:18,20
**touch** 32:23,24
**transcription** 45:3
**transfusion** 35:18,23,25 40:8,17,19
43:7,8,11,12,16,18
**trial** 7:25 15:3 16:17,25 17:2,14,16
12:13 23:1,22 26:18,20 27:8,18,20
28:1,3,4,7,8 29:20 30:14,15 31:24
32:8
**trier** 9:2
**Tropin** 1:21
**trouble** 23:4
**troublesome** 24:18
**true** 5:22,23 37:13
**truly** 29:1
**try** 25:9
**trying** 4:9 10:10 12:4 15:16 20:7 25:1
38:21,24 41:18,19
**turn** 30:7 31:5
**twenty** 26:6
**two** 17:8 32:23 33:17 39:7
**type** 24:12
**typical** 14:3

**U**

**Uh-huh** 13:17
**ultimately** 13:11
**unable** 10:16
**unanswered** 12:2
**under** 7:3,14 9:4,9,18 10:21 11:23
14:20 16:1,19 19:1 20:10 33:3,7
36:14,19
**understand** 4:10 5:9,13 12:19 13:19
14:9 15:17 20:7 21:13 28:1 31:15
**understanding** 18:15
**unfair** 16:9 21:15
**uniform** 40:7
**United** 1:1,11 2:7 45:6
**universe** 11:20
**unless** 5:16 38:5
**unrestricted** 39:5,18,21
**until** 4:5 5:18 7:20 21:16 23:7 26:5,13
31:6 34:23 44:17
**upcoming** 26:1
**use** 7:6 38:24 41:1,11
**used** 41:9
**useful** 4:8
**uses** 40:24 41:3,5,19
**using** 7:6
**utilizes** 36:3,16
**U.S** 2:8 19:5

**V**

**v** 18:22 42:14
**valid** 20:6
**very** 11:18 24:18 25:2,7 29:1 31:15
37:23 39:5 41:14,16,17,24
**vice** 19:22
**violate** 14:8
**violated** 14:18
**violation** 37:19,22 38:12
**violations** 8:7
**virtue** 20:12
**voce** 27:17
**void** 19:14 20:13
**vs** 1:6

**W**

**wait** 12:7
**walk** 5:8
**want** 4:25 5:8 7:8,10 8:9 11:5,11 13:15
   17:7 21:23 22:7 24:3 27:13,15
   30:17,22 31:12,19 32:3,9 39:16
**wanted** 17:6 23:2 24:15 26:21
**wants** 31:7
**wasn't** 21:25 38:2
**waste** 32:9
**waters** 43:16
**way** 7:24 14:23 19:13 21:9 23:21,25
   24:20 28:9 41:15
**ways** 33:17
**week** 28:17
**Weeks** 34:14
**Weingast** 3:10
**well** 6:4 7:8 9:12,20 10:10,15 11:6,12
   11:17 12:7 13:25 16:7,23 17:8
   21:11 24:2 25:14,20 26:7 27:1 28:5
   29:25 33:22 36:8 37:1 39:16
**went** 11:20 22:15 35:4
**were** 37:16,19
**we're** 12:19 31:11 32:4
**we've** 10:24 11:7 30:11 37:10
**whatsoever** 40:10,13
**while** 24:7
**whole** 5:5 9:14 10:6,7 11:1 16:20
   35:10,15 39:25 40:17 41:13
**WILBOURN** 1:14
**Wilkie** 2:8
**wish** 28:10
**withheld** 33:13
**witnesses** 22:25 23:13
**words** 32:10
**work** 22:24 24:6 26:5 28:7 39:1
**wouldn't** 11:5
**written** 41:15
**wrong** 10:17 40:11,23 41:20


**X**

**x-ray** 40:6,7


**Y**

**year** 7:21 10:25 24:8


**0**

**09-61652** 3:3
**09-61652-CIV-GOLD** 1:3


**1**

**1** 1:8 41:7
**10:40** 26:9
**10:54** 26:11
**10:56** 27:17
**104** 15:12
**11-1** 1:5 2:8 45:7
**11/12/10** 44:22
**11:00** 26:5
**11:24** 44:22
**11:30** 41:25
**12** 1:7
**12.1** 5:13
**13.1** 14:20 33:2 37:4
**16** 30:9
**17th** 2:4
**171** 2:4
**1820** 1:15
**19th** 30:1 31:6


**2**

**2** 36:12 44:3
**2.1** 33:23
**2003** 33:22,25
**2007** 33:18 34:5,6,7 37:24
**2010** 1:7 4:14
**2022** 7:21 10:25
**2100** 2:4
**2525** 1:21
**255** 35:14 39:25 40:18 41:1,14
**26** 4:14
**29** 34:7


**3**

**3** 41:7


**3rd** 30:4,21 32:12
**3.1** 8:7 9:5 11:15,16 12:15 15:19,20
   16:19 18:19,21 19:19 21:3,25 27:7
   39:19,20 44:13
**3000** 9:8,13 10:13 13:13 14:5
**30363** 2:4
**305.523.5588** 2:9 45:7
**305.523.5589** 2:9 45:8
**33128** 2:9 45:7
**33134** 1:22
**33394** 1:16
**3400** 9:7,12,13,19 10:1,7,9,20 13:14
   14:5 15:9 26:22 27:6,23 36:2,16
   40:19,24 44:8,11,13


**4**

**400** 2:8 45:7
**45** 2:14
**48** 4:23


**5**

**5.3** 20:2 21:25
**500** 1:15


**6**

**6** 9:14 16:20 35:14,17,17 39:25 40:3,4
   40:20 41:19 43:24 44:2,7


**9**

**9th** 1:21
**954.525.6110** 1:16
**954.525.6177** 1:16