UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-61652-CIV-GOLD/GOODMAN

MDS (CANADA), INC., BEST
THERATRONICS, LTD., and
BEST MEDICAL INTERNATIONAL, INC.,

    Plaintiffs,

v.

RAD SOURCE TECHNOLOGIES, INC.,

    Defendant.
_____/

## PRELIMINARY ORDER FOLLOWING NON-JURY TRIAL

**I.**    **Introduction**

THIS CAUSE is before the Court in the above-captioned matter, which came on for a ten-day, non-jury trial beginning April 5, 2011 and concluding April 20, 2011. *See* **[ECF Nos. 320-326, 328-330]**. A total of twelve witnesses were sworn and testified, and the testimony of two witnesses was introduced by deposition. Counsel presented opening statements and closing arguments with respect to the first two phases of the trial, as described *infra*.

The purpose of this Preliminary Order is to provide definitive rulings on disputed matters as addressed by the parties' current pleadings and therefore, to enable the parties to proceed with the right of first negotiation pursuant to Section 3.8 of the License Agreement, pending the completion of my detailed Findings of Fact and Conclusions of Law. To be clear, this Preliminary Order is not intended to constitute an appealable final order or judgment. I reserve, as indicated, to enter detailed Findings of

1

Fact and Conclusions of Law and to modify, as necessary, the final language included in this Preliminary Order other than as to the definitive rulings included in Part V herein.

## II.     Background

Plaintiffs MDS (Canada), Inc., Best Theratronics, Ltd., and Best Medical International, Inc.'s (collectively "Plaintiffs") Third Amended Complaint alleges seven counts for declaratory judgment, temporary restraining order, preliminary injunction, permanent injunction, breach of contract, unjust enrichment, and declaratory judgment. **[ECF No. 286]**. In Defendant Rad Source Technologies, Inc.'s ("Defendant") Answer, Defenses, and Counterclaims, Defendant asserts a counterclaim for declaratory judgment, or reformation of contract in the alternative. **[ECF No. 290]**. The parties' respective claims and counterclaims arise out of a License Agreement entered into on August 20, 2003. **[ECF No. 286-1]**.

## III.    Jurisdiction

I exercise jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332 because the parties are diverse and the monetary value of the object of the litigation exceeds $75,000, exclusive of interests and costs. I exercise subject matter jurisdiction over Defendant's counterclaim pursuant to 28 U.S.C. § 1367 because those claims are so related to the claims in this action within the original jurisdiction of the Court that they form part of the same case or controversy under Article III of the Constitution.

## IV.    Analysis

Pursuant to a Pretrial Conference held on March 10, 2011, this matter was intended to be tried in three phases: Phase I – Liability, Phase II – Technical/Patent, and Phase III – Damages. *See* **[ECF No. 315]**. Upon the conclusion of Phases I and

II,[1] I determined that Phase III was unnecessary because based on the evidence presented during Phases I and II, neither Plaintiffs nor Defendant was entitled to any damages in this action.

By entry of the instant Preliminary Order, I determine the following: (1) Defendant's RS 3400 is not subject to Section 3.1 of the License Agreement and Defendant may market the RS 3400 which may compete as against the RS 3000, as modified by Plaintiffs, subject to the right of first negotiation set forth in Section 3.8; (2) the License Agreement remains in full force and effect through its termination date, and Plaintiffs have full rights and benefits as to the RS 3000 as modified (now known as the Raycell Mk2); (3) pursuant to Section 3.8, Defendant shall provide to Plaintiffs a right of first negotiation for the RS 3400 in accordance with the provisions of that section; (4) the parties shall participate in mediation with regard to Section 3.8, with Plaintiffs and Defendant to equally bear the costs of mediation; (5) the non-compete provision of the License Agreement in Section 5.3 is no longer in effect having expired by its own terms on September 26, 2010; (6) Plaintiffs shall bear the cost of preparing the transcripts in this matter, which payment shall be due ten days after the transcripts are filed of record; and (7) neither party shall recover damages from the other.

## V.   Conclusion

Having carefully considered and reviewed the arguments of counsel, evidence presented, testimony of witnesses, operative pleadings—including Plaintiffs' Third Amended Complaint, Defendant's Answer, Defenses, and Counterclaims, and Plaintiff MDS (Canada) Inc.'s Answer to Counterclaim—the record, being otherwise fully advised

---

[1] On April 19, 2011, Plaintiffs presented a brief "rebuttal case" on Phase I. See **[ECF No. 329]**.

in the premises, and for the reasons stated on the record, it is hereby ORDERED and ADJUDGED that:

1. In the final judgment, Count I (Declaratory Judgment) of Plaintiffs' Third Amended Complaint **[ECF No. 286]** will be DISMISSED WITH PREJUDICE.

2. In the final judgment, Count II (Temporary Restraining Order) of Plaintiffs' Third Amended Complaint **[ECF No. 286]** will be DISMISSED WITH PREJUDICE.

3. In the final judgment, Count III (Preliminary Injunction) of Plaintiffs' Third Amended Complaint **[ECF No. 286]** will be DISMISSED WITH PREJUDICE.

4. In the final judgment, Count IV (Permanent Injunction) of Plaintiffs' Third Amended Complaint **[ECF No. 286]** will be DISMISSED WITH PREJUDICE.

5. In the final judgment, Count VI (Unjust Enrichment) of Plaintiffs' Third Amended Complaint **[ECF No. 286]** will be DISMISSED WITH PREJUDICE.

6. As to the parties' declaratory judgment counts:

    a. The License Agreement, including Section 3.1, remains in full force and effect as to the RS 3000, as modified by Plaintiffs, against Defendant for the duration of the License Agreement.

    b. Section 3.1 does not apply to the RS 3400 developed by Defendant.

    c. Plaintiffs hold no exclusive license or rights to the RS 3400 by virtue of Section 3.1 of the License Agreement.

    d. The non-compete provision of the License Agreement in Section 5.3 is no longer in effect and was terminated as of the expiration date set forth therein, *e.g.*, for a period of seven (7) years from the Closing Date—September 26, 2010.

e. Pursuant to Article XII, and specifically Section 12.1, the License Agreement **[ECF No. 286-1]** shall remain in full force and effect until the expiration or invalidity of the last to expire of the Patents.

f. Pursuant to Section 3.8 of the License Agreement, Rad Source shall provide to Plaintiffs a right of first negotiation for the right to acquire from Rad Source, by license or otherwise, the right to use the RS 3400 irradiation application technology developed by Rad Source.

g. The parties shall enter into a confidentiality agreement no later than **Monday, May 2, 2011** for the purposes of effectuating the right of first negotiation.

h. Subject to the confidentiality agreement, Rad Source shall produce all necessary information not already provided to Plaintiffs to enable Plaintiffs to exercise the right of first negotiation regarding irradiation application technology developed for the RS 3400 no later than **Friday, May 20, 2011**. The submission shall also include Rad Source's proposed business terms and conditions for license and/or sale.  The period of one hundred and twenty (120) days as referenced in Section 3.8 shall commence upon the date that Rad Source produces all necessary information in accordance with the preceding sentence.  **No later than ten calendar days following the conclusion of the 120 day period**, the parties shall file a Joint Status Report indicating the status and/or result of the negotiations and mediation as described in the following paragraph.  The Joint Status Report shall describe in detail the efforts made by all parties with respect to the right of first negotiation.

  i. The parties are hereby ORDERED to participate in mediation in accordance with the terms of Section 3.8 no later than **Monday, June 20, 2011**. All parties or their corporate representatives, counsel, and representatives with decision-making authority shall personally attend the mediation.

  j. Plaintiffs and Defendant shall equally bear the costs of mediation and file a Joint Notice of Mediation setting forth the time, location, and duration of the mediation, as well as the name of the mediator. The mediator shall facilitate the process of the right of first negotiation and assist the parties on negotiating all relevant terms and conditions. The parties shall file the Joint Notice of Mediation no later than **Friday, May 6, 2011**.

7. Plaintiffs shall recover no damages as to the claims within its Third Amended Complaint.

8. Defendant shall recover no damages as to its counterclaim.

9. Plaintiffs shall bear the cost of preparing the transcripts in this matter **no later than ten days** after the transcripts are electronically filed.

10. The Court RESERVES ruling on the matter of attorneys' fees—including any basis for such claim—in the forthcoming Final Order, which shall set forth specific Findings of Fact and Conclusions of Law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure. The parties may file memoranda of law on attorneys' fees in accordance with a schedule to be set following entry of my Final Order.

DONE and ORDERED in Chambers at Miami, Florida this _____ day of April, 2011.

THE HONORABLE ALAN S. GOLD
UNITED STATED DISTRICT JUDGE

7

cc:  U.S. Magistrate Judge Jonathan Goodman
     Counsel of record