UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-CV-61652-GOLD/GOODMAN

MDS (CANADA), INC.,
    a Canadian corporation,

BEST THERATRONICS, LTD.,
    a Canadian corporation, and

BEST MEDICAL INTERNATIONAL, INC.,
    a Virginia corporation,

    Plaintiffs,

vs.

RAD SOURCE TECHNOLOGIES, INC.,
    a Florida corporation,

    Defendant.
_____/

**DEFENDANT RAD SOURCE TECHNOLOGIES, INC.'S
RESPONSE TO ORDER TO SHOW CAUSE**

    In response to this Court's November 15, 2011 Order to Show Cause [ECF No. 380], Defendant Rad Source Technologies, Inc. ("Rad Source") states as follows:

1.

    Rad Source has no objection to this Court staying the Court's *ruling* on Rad Source's Verified Motion for Attorneys' Fees and Costs [ECF No. 369] (the "Fees Motion"), pending the resolution of Plaintiff's appeal of this lawsuit to the Eleventh Circuit Court of Appeals ("11th Circuit"). Indeed, the case of Hetrick v. Ideal Image Dev. Corp., 2009 WL 413533, at *1 (M.D. Fla. Feb. 18, 2009), cited by Plaintiffs, suggests that this is the proper result here. In their response to this Court's Order to Show Cause [ECF No. 381], Plaintiffs misleadingly claim that Hetrick stands for the proposition that *further briefing* should be stayed. As the docket report of

333055.1

that case (attached hereto as Exhibit A, at pp. 9-10) confirms, the court in Hetrick stayed only its decision on the plaintiff's motion for attorneys' fees, after the defendant had filed its response brief.

2.

It is unnecessary, and it would be unfair, for this Court to stay Plaintiffs' response brief to Rad Source's Fees Motion for months and months potentially, as Plaintiffs propose in their response to this Court's Order to Show Cause.

3.

By way of background, Plaintiffs have had numerous opportunities to request a stay of Rad Source's Fees Motion *prior* to the filing of that motion. At no time was a stay of Rad Source's Fees Motion ever sought. For example, on October 4, 2011, shortly after this Court entered its Judgment, Rad Source filed a Motion for Clarification [ECF No. 352] to determine the applicable deadline for its forthcoming Fees Motion. In opposing that motion [ECF No. 354], Plaintiffs did not suggest that this Court stay or hold in abeyance the deadline for Rad Source's Fees Motion in view of Plaintiffs' upcoming appeal to the 11th Circuit.

4.

After Plaintiffs filed their Notice of Appeal on October 26, 2011 [ECF No. 359], Rad Source filed a Motion for Leave to Exceed Page Limit for its forthcoming Fees Motion [ECF No. 360]. Once again, in opposing that motion [ECF No. 364], Plaintiffs never requested a stay of the filing of Rad Source's Fees Motion in view of having noticed an appeal of this case.

5.

After Rad Source filed its Fees Motion, Plaintiffs filed an Agreed Motion, whereby the parties jointly requested extensions of time and increased page limits for their respective briefing

333055.1

on Rad Source's Fees Motion [ECF No. 377]. On November 15, 2011, this Court entered an order granting Plaintiffs' Agreed Motion [ECF No. 379], requiring Plaintiffs' response brief to be filed by December 6, 2011. Following this order, on the same day, the Court issued its Order to Show Cause. Rad Source interprets this chronology of events to indicate that the Court is considering a stay of its ruling on the Fees Motion, not that the Court is suggesting a stay of the remaining briefing on that motion. Indeed, because Plaintiff's deadline to respond to Rad Source's Fees Motion is December 6, 2011, just one week after the parties' responses to the Court's Order to Show Cause are due (November 30, 2011), it does not appear that this Court intended to stay the briefing on Rad Source's Fees Motion or for Plaintiffs to suspend their efforts in preparing their response brief.[1]

6.

Nevertheless, in response to this Court's Order to Show Cause, and by misrepresenting legal authority, Plaintiffs now assert that, rather than staying the Court's ruling on Rad Source's Fees Motion, the Court should allow Plaintiffs to postpone responding to Rad Source's Fees Motion until Plaintiffs' appeal is resolved. Despite having every opportunity to request such a stay prior to Rad Source filing of its Fees Motion, Plaintiffs did nothing. Now, after Rad Source has undertaken considerable effort in preparing and filing its Fees Motion within a limited time frame, Plaintiffs do not want to be held to the same standard. The stay of briefing that Plaintiffs request would, in effect, provide them with several additional months to respond to Rad Source's Fees Motion. Where Plaintiffs have already obtained a more than reasonable extended time

---

[1] In fact, it does not appear that Plaintiffs have suspended their briefing efforts. Plaintiffs recently filed a request with the 11th Circuit for a one-week extension to the current December 13, 2011 deadline for Plaintiff's appellate brief. Presumably, Plaintiffs have requested this extension, at least in part, in light of their intervening December 6, 2011 deadline to respond to Rad Source's Fees Motion.

333055.1

period to respond to Rad Source's Fees Motion, it would be inequitable to stay further briefing and excuse Plaintiffs from their obligation to respond to that motion in a timely manner.[2]

## CONCLUSION

For the foregoing reasons, Rad Source respectfully requests that the Court not stay or modify the current briefing schedule for Rad Source's Fees Motion, as set forth in this Court's November 15, 2011 Order [ECF No. 379], which was issued following the Agreed Motion filed by the parties. Such a stay or modification would be unfair to Rad Source. Rad Source further states that it does not object to a stay of the Court's *ruling* on Rad Source's Fees Motion once the parties' briefing is completed and until the 11th Circuit appeal is resolved.

Respectfully submitted, this 28th day of November, 2011.

s/ Kenneth Hartmann
Kenneth R. Hartmann (Florida Bar No. 664286)
Kozyak Tropin & Throckmorton
2525 Ponce de Leon Blvd.
9th Floor
Miami, Florida 33134
305.372.1800 [TEL]
305.372.3205 [FAX]
krh@kttlaw.com

---

[2] Rad Source disputes Plaintiffs' averment, at page 2 of its response brief, that Rad Source's "counsel has not consented to staying the Fees Motion and further briefing by the parties." In reality, when Plaintiffs' counsel proposed staying further briefing of the Fees Motion, Rad Source's counsel said that they would consider this request. Plaintiff's counsel later inquired whether Rad Source would consent to a one-week extension to the filing of Plaintiff's appellate brief with the 11th Circuit. In light of these two proposals from Plaintiff, Rad Source's counsel proposed an alternative solution to these two requests whereby the parties could jointly request a stay of the *appellate proceedings* until Rad Source's Fees Motion is resolved by this Court. Then, in the (likely) event that this Court's ruling on the Fees Motion is appealed by one or more of the parties, that appeal could be consolidated with Plaintiff's pending appeal and be heard jointly by the 11th Circuit. This alternative proposal is a more efficient use of the resources of the parties, this Court, and the 11th Circuit. Plaintiffs' counsel indicated that they would respond to Rad Source's counsel as to this alternative proposal, but never did so. In their response brief, Plaintiffs have clearly misrepresented this dialogue.

333055.1

*Admitted Pro Hac Vice:*

ARNALL GOLDEN GREGORY LLP

Scott E. Taylor
Richard Mitchell
Anuj Desai
171 17th Street, NW
Suite 2100
Atlanta, Georgia 30363
Telephone: (404) 873-8500
Facsimile: (404) 873-8501
anuj.desai@agg.com

*Admitted Pro Hac Vice:*

David E. Huizenga, Esq., Ph.D.
3845 River Hollow Run
Duluth, Georgia 30096
678.592.3447 [TEL]
770.447.9349 [FAX]
dehuizenga@gmail.com

*Attorneys for Defendant Rad Source Technologies, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

Robert M. Moore
Kristen A. Bennett
MOORE & LEE, LLP
1650 Tyson Boulevard, Suite 1150
McLean, Virginia 22102-4225

Leonardo N. Ortiz, Jr.
MOORE & LEE, LLP

333055.1

500 E. Broward Boulevard
Suite 1820
Fort Lauderdale, FL 33394

                                                                                               s/ Kenneth Hartmann
                                                                                               Kenneth Hartman, Esq.