

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 04, 2015

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number:  11-15145-BB
Case Style: MDS (Canada) Inc., et al v. Rad Source Technologies, Inc.
District Court Docket No: 0:09-cv-61652-ASG

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

AMY C. NERENBERG, Acting Clerk of Court

Reply to:  Lois Tunstall
Phone #:  (404) 335-6224

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit
_____

No. 11-15145
_____

District Court Docket No.
0:09-cv-61652-ASG

MDS (CANADA) INC.,
a Canadian corporation,
BEST THERATRONICS, LTD.,
a Canadian corporation,
BEST MEDICAL INTERNATIONAL, INC.,
a.k.a. Beast Medical International, Inc.,

                    Plaintiffs - Counter
                    Defendants - Appellants,

versus

RAD SOURCE TECHNOLOGIES, INC.,
a Florida corporation,

                    Defendant - Counter
                    Claimant - Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is
entered as the judgment of this Court.

Entered: August 19, 2014
For the Court: John Ley, Clerk of Court
By: Jeff R. Patch

ISSUED AS MANDATE 02/04/2015

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15145
_____

D.C. Docket No. 0:09-cv-61652-ASG


MDS (CANADA) INC., a Canadian corporation,
BEST THERATRONICS, LTD., a Canadian corporation,
BEST MEDICAL INTERNATIONAL, INC.,
a.k.a. Beast Medical International, Inc.,

                                        Plaintiffs - Counter Defendants - Appellants,


                            versus


RAD SOURCE TECHNOLOGIES, INC.,
a Florida corporation,

                                        Defendant - Counter Claimant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 19, 2014)

Before PRYOR, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

On July 1, 2013, this Court certified the following question to the Supreme

Court of Florida:

> WHEN A LICENSEE ENTERS INTO A CONTRACT TO
> TRANSFER ALL OF ITS INTERESTS IN A LICENSE
> AGREEMENT FOR AN ENTIRE TERM OF A LICENSE
> AGREEMENT, SAVE ONE DAY, BUT REMAINS LIABLE TO
> THE LICENSOR UNDER THE LICENSE AGREEMENT, IS THE
> CONTRACT AN ASSIGNMENT OF THE LICENSE
> AGREEMENT, OR IS THE CONTRACT A SUBLICENSE?

MDS (Canada) Inc. v. Rad Source Techs., Inc., 720 F.3d 833 (11th Cir. 2013).

The Supreme Court of Florida rephrased the question:

> DOES FLORIDA RECOGNIZE A "BRIGHT–LINE RULE" TO
> DISTINGUISH AN ASSIGNMENT OF A LICENSE AGREEMENT
> FROM A SUBLICENSE?

MDS (Canada) Inc. v. Rad Source Techs., Inc., ___So.3d___, 2014 WL 3361896

(Fla. July 10, 2014).  The Court rejected the use of a bright-line rule to determine

whether a license agreement was an assignment or a sublicense, held that cases

relied upon by the Appellants[1] which involved the transfer of interests in real

property did not readily translate to the instant case which involves a transfer of

rights in a patent license agreement, and instead concluded that cases construing

patents "are instructive in providing guiding principles for the type of interest at

the heart of this case."  Id. at 3.  The Court provided comprehensive guidance on

---

[1]     Nordion and Best are referred to in this opinion as Appellants.

what factors should be considered, but left the application of those factors and the

ultimate resolution of the issue to this court.

Thus, in order to decide whether the transfer from Nordion to Best was an

assignment or a sublicense, we apply the factors set forth by the Supreme Court of

Florida.  That Court held that "the key factor in distinguishing between an

assignment and a sublicense is the intention of the parties, as set forth in the

original license agreement."  ____ So.3d ____, M/S at 21.  The original License

Agreement between Rad Source and Nordion required the consent of Rad Source

for Nordion to assign its interest, but did not require consent for Nordion to grant a

sublicense.  In this case, Nordion transferred to Best all of its interests in the

License Agreement for the entire term thereof, save one day.  Because the License

Agreement expired simultaneously with the expiration of the last patent subject to

the License Agreement, Nordion likewise transferred to Best the entirety of its

interests in the patents, again save only one day.  Especially in light of the fact that

Nordion's agreement with Best provided that it would leave the blood irradiation

business entirely, Nordion would lack the ability to use even the one retained day.

We conclude that the retention by Nordion of a single day at the end of the License

Agreement was an inconsequential term.   The district court found as follows with

respect to the intent of the parties:

> [I]t is apparent that the parties did not intend that the sublicensing
> rights – in relation to the assignment clause – permit a situation where

the License Agreement could be assigned by a sublicense if a party reasonably withheld consent to the assignment. Elsewise, the right of consent to assignment would effectively be written out of the License Agreement.

MDS (Canada), 822 F.Supp.2d 1263, 1310-11 (S.D. Fla. 2011). We agree with the district court that Rad Source and Nordion, the parties to the original License Agreement, never intended that Nordion could transfer its entire interests in the License Agreement, saving only one day, and thus circumvent the contractual requirement that required the consent of Rad Source to an assignment. We conclude that the key factor of the intention of the parties points strongly to the conclusion that the transfer by Nordion to Best was an assignment, not a sublicense.

As noted above, the Supreme Court of Florida also held that the federal cases construing patents are instructive on the issue at bar. The Court expressly referenced Aspex Eyewear, Inc. v. Miracle Optics, Inc., 434 F.3d 1336 (Fed. Cir. 2006). In that case, the Federal Circuit held that:

> [A]n exclusive license may be tantamount to an assignment for purposes of creating standing if it conveys to the licensee all substantial rights to the patent at issue. Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A., 944 F.2d 870, 875 (Fed. Cir.1991); see also Waterman v. Mackenzie, 138 U.S. 252, 256, 11 S.Ct. 334, 34 L.Ed. 923 (1891) ("Whether a transfer of a particular right or interest under a patent is an assignment or a license does not depend upon the name by which it calls itself, but upon the legal effect of its provisions."). To determine whether an agreement to transfer rights to a patent at issue amounts to an assignment or a license, we must ascertain the intention of the parties and examine the substance of what was granted. Vaupel, 944 F.2d at 874 (explaining that the court must examine whether the agreements transferred all substantial rights

4

        to the patent at issue and whether the surrounding circumstances
indicated an intent to do so).

Id. at 1340.  As noted above, the last of the patents subject to the License Agreement

expired simultaneously with the expiration of the License Agreement.  Thus,

Nordion transferred to Best the entirety of its interests in the patents, save only one

day.  As noted above, that retention was inconsequential.   Thus, we conclude that

Nordion transferred to Best all of its substantial rights to the patents.  This factor

also points strongly to the conclusion that the transfer from Nordion to Best was an

assignment, not a sublicense.

        The Supreme Court of Florida also held that a significant factor in the

analysis was the substance of the transaction between Nordion and Best.  The Court

embraced the reasoning of Waterman v. Mackenzie, 138 U.S. 252, 256, 11 S.Ct.

334, 34 L.Ed. 923 (1891), and noted that "the United States Supreme Court long ago

recognized in the patent context that '[w]hether a transfer of a particular right or

interest under a patent is an assignment or a license does not depend upon the name

by which it calls itself, but upon the legal effect of its provisions.'" ___ So.2d ___,

M/S at 17 (quoting Waterman, 138 U.S. at 256, 11 S.Ct. at 335).  Thus, the Florida

Supreme Court held:  "It is clear that this intent [of Rad Source and Nordion in the

original License Agreement] cannot be circumvented simply by labeling the transfer

a 'sublicense agreement.'  The name of the agreement is not determinative under

Florida law."  Id. at ___, M/S at 23.   Thus, under Florida law, we disregard the

"sublicense" label affixed by Nordion and Best to their transaction.  Rather, we look to the substance thereof.  As noted above, Nordion transferred to Best all of its substantial interests in the License Agreement and all of its substantial interests in the patents, saving only one day.  That single day was inconsequential, and cannot suffice to transform the character of the transaction from an assignment to a sublicense.  We conclude that the substance of the transfer from Nordion to Best was an assignment, not a sublicense.

The Supreme Court of Florida mentioned two factors which might, in other cases, point toward characterization as a sublicense.   First, it is true that Nordion remained liable to Rad Source under to the License Agreement.  However, as the Supreme Court of Florida noted, Nordion had no legal ability to divest itself of that liability in the absence of consent from Rad Source.  Thus, as the Florida Supreme Court noted, Nordion did the next best thing – i.e., it obtained a full indemnification from Best.   ___ So.2d at ___, M/S at 20-21.  Also, the Florida Supreme Court noted that Nordion may have retained the right to use the license technology after the conclusion of the License Agreement.   However, the patents expired simultaneously with the expiration of the License Agreement, and thus any such retention is inconsequential.

Having applied the factors set forth by the Supreme Court of Florida, we conclude that Nordion's transfer to Best was an assignment, not a sublicense.  Our

6

previous opinion disposed of all of the arguments on appeal, save this certified question.  Thus, the certified question was dispositive.  Specifically, we held that Article 3.1 of the License Agreement was unambiguous but that Rad Source's RS 3400 did not embody the licensed patents.  Further, we held that Rad Source did not unreasonably refuse to consent to the proposed assignment to Best, and that Rad Source, while estopped from seeking damages even if Nordion committed the first breach, would be excused from its breach of the covenant not to compete if the Supreme Court of Florida held that the transfer was an assignment and thus was the first breach.  Because we have applied the law as the Supreme Court of Florida defined it, and affirmed the district court's finding that the transfer was an assignment, no issues are left undecided and we affirm the district court's decision.

AFFIRMED.

PRYOR, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority's reading of the decision of the Supreme Court of Florida, which answered our certified question, but for the reasons expressed in section 2 of my earlier partial dissenting opinion, *MDS (Canada), Inc. v. Rad Source Techs., Inc.*, 720 F.3d 833, 859–63 (11th Cir. 2013) (Pryor, J., concurring in part and dissenting in part), I would still reverse in part. In my view, the district court erred when it ruled that Nordion lacked standing to seek damages for the breach of the non-compete clause by Rad Source. I would remand to allow Nordion an opportunity to prove its damages.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 19, 2014

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 11-15145-BB
Case Style: MDS (Canada) Inc., et al v. Rad Source Technologies, Inc.
District Court Docket No: 0:09-cv-61652-ASG

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against appellants.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Carol R. Lewis, BB at (404) 335-6179.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs