UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-CV-61652-BLOOM/VALLE

MDS (CANADA), INC.,
    a Canadian corporation,

BEST THERATRONICS, LTD.,
    a Canadian corporation, and

BEST MEDICAL INTERNATIONAL, INC.,
    a Virginia corporation,

    Plaintiffs,

vs.

RAD SOURCE TECHNOLOGIES, INC.,
    a Florida corporation,

    Defendant.
_____/

**DEFENDANT RAD SOURCE TECHNOLOGIES, INC.'S
MEMORANDUM IN SUPPORT OF ITS SUPPLEMENTAL BILL OF COSTS**

ARNALL GOLDEN GREGORY LLP
Scott E. Taylor
Richard Mitchell
Anuj Desai
171 17th Street, NW, Suite 2100
Atlanta, Georgia 30363
Telephone: (404) 873-8500
Facsimile: (404) 873-8501
anuj.desai@agg.com

David E. Huizenga, Esq., Ph.D.
3845 River Hollow Run
Duluth, Georgia 30096
678.592.3447 [TEL]
770.447.9349 [FAX]
dehuizenga@gmail.com

Kenneth R. Hartmann
(Florida Bar No. 664286)
Kozyak Tropin & Throckmorton
2525 Ponce de Leon Blvd.
9th Floor
Miami, Florida 33134
305.372.1800 [TEL]
305.372.3205 [FAX]
krh@kttlaw.com

Defendant Rad Source Technologies, Inc. ("Rad Source") seeks to recover the taxable costs listed in its accompanying Supplemental Bill of Costs filed with the Court, pursuant to Fla. Stat. § 768.79.[1]  In support of its Supplemental Bill of Costs, and as required by Local Rule 7.3(c), Rad Sources provides the following references for each cost claimed:

| COST / EXPENSE | REFERENCE | AMOUNT |
|---|---|---|
| Fees of the Clerk | See Rad Source's July 21, 2015 Supplemental Motion for Attorneys' Fees, at Exhibit C (Supplemental Declaration of Scott Taylor), at ¶ 35 and exhibits thereto. | $1,200.00 |
| Fees for exemplification and the costs of making copies of any material where the copies are necessarily obtained for use in the case | See Rad Source's July 21, 2015 Supplemental Motion for Attorneys' Fees, at Exhibit C (Supplemental Declaration of Scott Taylor), at ¶ 32. | $7.40 |
| **TOTAL COSTS AND EXPENSES** | | **$1207.40** |

---

[1] As set forth in Rad Source's separately filed Verified Supplemental Motion for Attorneys' Fees and Costs, Fla. Stat. § 768.79 authorizes the recovery of all reasonable taxable and non-taxable costs and litigation expenses, and Rad Source seeks to recover all such costs in this lawsuit.  Because of this Court's instructions in Local Rule 7.3(a)(6) and (a)(8), however, Rad Source's Supplemental Motion includes and seeks to recover only those costs and expenses that are not taxable under 28 U.S.C. § 1920.  As a result, pursuant to Local Rule 7.3(c), Rad Source has separately submitted this supporting memorandum as to the taxable costs that it seeks to recover under Fla. Stat. § 768.79 pursuant to its Supplemental Bill of Costs.

Respectfully submitted, this 21st day of July, 2015.

s/ Kenneth Hartmann
Kenneth R. Hartmann (Florida Bar No. 664286)
Kozyak Tropin & Throckmorton
2525 Ponce de Leon Blvd.
9th Floor
Miami, Florida 33134
305.372.1800 [TEL]
305.372.3205 [FAX]
krh@kttlaw.com

*Admitted Pro Hac Vice:*

ARNALL GOLDEN GREGORY LLP

Scott E. Taylor
Richard Mitchell
Anuj Desai
171 17th Street, NW
Suite 2100
Atlanta, Georgia 30363
Telephone: (404) 873-8500
Facsimile: (404) 873-8501
anuj.desai@agg.com

*Admitted Pro Hac Vice:*

David E. Huizenga, Esq., Ph.D.
3845 River Hollow Run
Duluth, Georgia 30096
678.592.3447 [TEL]
770.447.9349 [FAX]
dehuizenga@gmail.com

*Attorneys for Defendant Rad Source Technologies, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

Robert M. Moore
Kristen A. Bennett
MOORE & LEE, LLP
1650 Tyson Boulevard, Suite 1150
McLean, Virginia 22102-4225

Leonardo N. Ortiz, Jr.
Leonardo Ortiz, P.A.
1909 Harrison St., Suite 112
Hollywood, Florida 33020

                                                 s/ Kenneth Hartmann
                                                 Kenneth Hartman, Esq.

AO 133  (Rev. 12/09) Bill of Costs

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| MDS (Canada), Inc., et al., | ) |
| v. | ) Case No.: 09-CV-61652-BLOOM/VALLE |
| Rad Source Technologies, Inc., | ) |

## BILL OF COSTS

Judgment having been entered in the above entitled action on __09/30/2011__ against __Plaintiffs__,
the Clerk is requested to tax the following as costs:

| | |
|---|---:|
| Fees of the Clerk ............................................................ | $ 1,200.00 |
| Fees for service of summons and subpoena ..................................... | |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case ...... | |
| Fees and disbursements for printing ............................................ | |
| Fees for witnesses *(itemize on page two)* ....................................... | 0.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case........................................... | 7.40 |
| Docket fees under 28 U.S.C. 1923 ............................................. | |
| Costs as shown on Mandate of Court of Appeals ................................. | |
| Compensation of court-appointed experts ...................................... | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 ..... | |
| Other costs *(please itemize)* .................................................. | |
| TOTAL | $ 1,207.40 |

*SPECIAL NOTE:* Attach to your bill an itemization and documentation for requested costs in all categories.

### Declaration

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill has been served on all parties in the following manner:

[✓] Electronic service       [ ] First class mail, postage prepaid

[ ] Other: _____

s/ Attorney: __s/Kenneth Hartmann__

Name of Attorney: Kenneth Hartmann

For: __Rad Source Technologies, Inc.__        Date: __07/21/2015__
*Name of Claiming Party*

### Taxation of Costs

Costs are taxed in the amount of _____ and included in the judgment.

By: _____

*Clerk of Court*           *Deputy Clerk*           *Date*

AO 133 (Rev. 12/09) Bill of Costs

# UNITED STATES DISTRICT COURT

| Witness Fees (computation, cf. 28 U.S.C. 1821 for statutory fees) ||||||||
|---|---|---|---|---|---|---|---|
| NAME, CITY AND STATE OF RESIDENCE | ATTENDANCE || SUBSISTENCE || MILEAGE || Total Cost Each Witness |
|  | Days | Total Cost | Days | Total Cost | Miles | Total Cost |  |
|  |  |  |  |  |  |  | $0.00 |
|  |  |  |  |  |  |  | $0.00 |
|  |  |  |  |  |  |  | $0.00 |
|  |  |  |  |  |  |  | $0.00 |
|  |  |  |  |  |  |  | $0.00 |
|  |  |  |  |  |  |  | $0.00 |
|  |  |  |  |  | TOTAL || $0.00 |

### NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."

"Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
**RULE 54(d)(1)**

Costs Other than Attorneys' Fees.

Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 day's notice. On motion served within the next 7 days, the court may review the clerk's action.

**RULE 6**

(d) Additional Time After Certain Kinds of Service.

When a party may or must act within a specified time after service and service is made under Rule5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

**RULE 58(e)**

Cost or Fee Awards:

Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.